**Wellington OSTERLOH, Appellant,**

v.

**OHIO DECORATIVE PRODUCTS, INC., Universal Urethanes, Inc., and Frederick L. Bickham, Appellees.**

**No. 01–93–01081–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 11, 1994.

---

Michael J. Reviere, Dennis S. Dresden, Houston, for appellees.

Jan T. Steinberg, Houston, for appellant.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The motion for rehearing is denied. The opinion of July 14, 1994 is withdrawn and this opinion substituted in its stead.

This is an appeal from a summary judgment denying appellant relief in a bill of review proceeding. We reverse and remand for a trial on the bill of review.

Appellant brought this bill of review to set aside the dismissal of the underlying cause of action for want of prosecution. On May 24, 1991, appellant brought suit against appellees. At that time, his attorney was Thomas Henderson, who shared office space with the law firm of Stephenson–Anderson and Associates, Inc. (Stephenson–Anderson) at 2200 Post Oak Blvd, suite 420, in Houston. On July 10, 1991, appellant changed counsel, and Jan Steinberg was substituted for Mr. Henderson. Immediately before being substituted in this case, Mr. Steinberg changed law firms, and left his old address of 675 Bering Drive, suite 350, in Houston to join Stephenson–Anderson at their Post Oak address. Mr. Steinberg proceeded to litigate the underlying cause of action by responding to requests for production, filing his own requests for production, and filing notices of intent to take depositions. All of these were filed with the court, indicating Mr. Steinberg's address as 2200 Post Oak Blvd, Suite 420, in Houston.

On December 12, 1991, the court sent a notice to all attorneys in the case informing them that unless their request for trial setting was filed on or before January 24, 1992, the court would dismiss for want of prosecution. Appellant did not respond to this no-tice. On February 12, 1992, the court entered an order of dismissal for want of prosecution. On February 17, 1992, the court notified the attorneys that the case had been dismissed for want of prosecution. These notices were sent to Mr. Steinberg's old address on Bering, not to the Post Oak address contained in the file on all of the documents Mr. Steinberg had filed with the court. The Bering address was recorded in the Harris County District Clerk's Register of Attorneys.

A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. v. Briscoe*, 722 S.W.2d 407 (Tex.1987). To be successful in a bill of review proceeding, a complainant must allege and prove: 1) a meritorious claim or defense; 2) which he was prevented from asserting or making by fraud, accident, or mistake of the opposite party; 3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). The second prong has been expanded to include an excuse based on a mistake or error made by court personnel in the execution of official duties. *Transworld*, 722 S.W.2d at 408.

The question on appeal is whether the summary judgment proof establishes as a matter of law that there are no genuine issues of fact on one or more of the essential elements of a plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In deciding whether there is a disputed fact issue precluding summary judgment, all evidence favorable to the nonmovant will be taken as true, and every reasonable inference and any doubts will be resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Appellant's sole point of error contends that the trial court erred in granting summary judgment because genuine issues of material fact exist on whether the court erred in mailing the notice of intent to dismiss and subsequent dismissal to Mr. Steinberg's previous address. Before a lawsuit may be dismissed for want of prosecution,

the trial court must mail notice of its intention to dismiss and the date and place of the dismissal hearing to each attorney of record to the address shown on the docket or in the papers on file. Tex.R.Civ.P. 165a(1). Appellant contends that the court personnel made a mistake or error by failing to send the notices to the address shown *in the papers on file* with the court. His counsel argues that since his address was indicated on the transmittal letters and other documents in the court's file, the officers of the court failed to comply with Tex.R.Civ.P. 165a by mailing the notices to his previous address. Further, he points out, rule 165a makes no mention of a register or list of attorneys' addresses for the purpose of providing the parties with notice.

Appellees contend that it was incumbent on appellant's attorney to update the Harris County District Clerk's Register of Attorneys with his proper address. In support of this contention, appellees presented four previous Attorney Register Change forms signed by Mr. Steinberg. These forms contain a warning: "This information will be used for all official notices, including dismissal for want of prosecution and trial assignment." We find no statutory or case authority which authorizes a district clerk to use any address other than the *address shown in the papers on file.*

The papers on file with the court in this case reflect that appellant's counsel's address was on Post Oak. The notice was sent to Bering. Appellant met the second prong of the test for bill of review.

Appellees assert on oral argument that appellant should have still updated the Attorney Register and was, therefore, negligent. This assertion relates to the third prong that any mistake or error must be unmixed by any negligence or fault of the complainant's. *Baker,* 582 S.W.2d at 406. Appellees moved for summary judgment and it was granted on the basis that appellant could not satisfy the second prong of the *Baker* test. *Id.* Summary judgment was granted on the grounds that the court personnel did not make a mistake or an error in mailing the notices to the previous address listed in the register as a matter of law. We disagree and find the court personnel made an error by relying on the register. Any alleged negligence on the part of appellant's attorney in failing to update the clerk's register of attorneys at best may raise a fact issue on the third prong. It does not entitle appellees to summary judgment.

Therefore, summary judgment was improper. We sustain appellant's point of error.

We reverse the summary judgment and remand the bill of review proceedings for trial.