**TRANSOCEANIC SHIPPING CO., INC., a Texas corporation, Transoceanic Shipping Co., Inc., a Louisiana corporation, Appellants,**

v.

**GENERAL UNIVERSAL SYSTEMS, INC., Appellee.**

No. 01–96–00531–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1997.

C. Lee Crawley, Jr., Robert M. Roach, Jr., Roger R. Evans, Houston, for Appellants.

William A. Peterson, Jr., Houston, for Appellee.

Before HUTSON–DUNN *, WILSON and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice (Retired).

Appellee, General Universal Systems, Inc. (GUS), sued appellants, Transoceanic Shipping Co., Inc., a Texas corporation, and Transoceanic Shipping Co., Inc., a Louisiana corporation,[1] for breach of contract. The trial court entered a post-answer default judgement in favor of GUS. We reverse and remand.

## BACKGROUND

GUS sued Transoceanic for breach of a contract under which GUS agreed to deliver, and Transoceanic agreed to pay for, certain computer equipment and associated services. During the pendency of the case, counsel for Transoceanic moved its offices. There is nothing in the record indicating Transoceanic notified the court of the new address.

In June of 1995, the court issued a trial setting notice that the case was set for trial on October 5, 1995. Transoceanic never received the notice by mail, and the notice was returned to the court undelivered. GUS appeared before the court on the date of trial, and, after hearing evidence, the court entered a default judgment against Transoceanic.

Transoceanic learned of the adverse judgment when it received a notice of default judgment from the county clerk's office. That notice was successfully delivered to Transoceanic's counsel's new address.

## DISCUSSION

In two points of error, Transoceanic brings this writ of error arguing the trial court erred in granting the default judgment in favor of GUS, and in not signing a written order granting Transoceanic's motion for new trial after orally granting that same motion.

In *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex. 1985), the Texas Supreme Court enumerated the four requirements of a writ of error: 1) the petition must be brought within six months of the date of judgment; 2) by a party to the suit; 3) who did not participate at trial; and 4) error must be apparent on the face of the record. *Stubbs*, 685 S.W.2d at 644; *see also* Tex.R.App. P. 45. In the case presently before this Court, the first three requirements of *Stubbs* are unquestionably met—Transoceanic was a party to the suit who did not participate at trial, and its petition for writ of error review was brought within six months of the date of judgment. The critical inquiry, therefore, is whether there is error on the face of the record.

■ In its first point of error, Transoceanic contends the trial court erred in entering judgment for GUS and in dismissing Transoceanic's counterclaim because the face of the record indicates Transoceanic did not receive notice of the October 5, 1995, trial setting. Transoceanic contends error is facially apparent in the record because the transcript indicates the notices of trial setting mailed to Transoceanic's counsel were

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. We refer to the two corporations collectively as Transoceanic.

returned undelivered to the clerk's office. Transoceanic argues that, because Tex.R. Civ. P. 245 requires parties be given notice of trial setting dates,[2] evidence in the record indicating that Transoceanic did not receive the trial setting notice mailed by the clerk constitutes error on the face of the record. We agree.

In *Robert S. Wilson Investments No. 16 Ltd. v. Blumer,* 837 S.W.2d 860 (Tex.App.—Houston [1st Dist.] 1992, no writ), this Court addressed an analogous question: Whether a writ of error appellant is entitled to a new trial after suffering a default judgment when the record does not affirmatively reflect that a notice of trial setting was mailed to appellant's counsel's correct address? The *Blumer* court answered in the negative, noting that "[t]he rules do not impose a duty on the trial court, or its personnel, to place in the case file evidence that notice of a trial setting was given." *Blumer,* 837 S.W.2d at 861. Without such a duty, the "absence from the record of affirmative proof of notice does not establish error." *Id.* at 861–62 (citing *General Elec. Co. v. Falcon Ridge Apts.,* 811 S.W.2d 942, 943–44 (Tex.1991)). Therefore, the *Blumer* court concluded, no error existed on the face of the record because "[t]here is nothing in the record before us establishing that the ... address [to which the trial setting notice was mailed] was not, in fact, the proper mailing address of appellants' counsel." *Blumer,* 837 S.W.2d at 862.

The reasoning of *Blumer* leaves open the possibility that error may be apparent on the face of the record where there is evidence that the address to which a trial setting notice is mailed is not, in fact, the correct address of an appellant's counsel. That is precisely the situation this Court now addresses.

The record before us indicates that the address to which the trial setting notice was mailed was no longer the correct mailing address for Transoceanic's counsel—the envelopes in which those notices were mailed were returned to the court stamped "RE-

TURN TO SENDER; UNDELIVERABLE AS ADDRESSED; FORWARDING ORDER EXPIRED." Therefore, unlike in *Blumer,* the record in this case affirmatively reflects that Transoceanic's counsel did not receive the trial setting notice mailed by the court. As such, we hold that there is error on the face of the record.

■ GUS argues that Transoceanic should not be allowed to prevail on its writ of error because it is the fault of Transoceanic's counsel that the court did not have a current mailing address to which the court could mail the trial setting notice. However, "[a]ppeal by writ of error is not an equitable proceeding." *Texaco v. Central Power & Light Co.,* 925 S.W.2d 586, 590 (Tex.1996). Therefore, "a writ of error appellant is not required to show diligence or lack of negligence before its complaints will be heard." *Id.*

Transoceanic's first point of error is sustained.

Having sustained Transoceanic's first point of error, we need not address its second. The judgment of the trial court is reversed, and this cause remanded.

---

**2.** A court may set contested cases for trial on motion of any party, on the court's own motion, with reasonable notice to the parties of not less than 45 days. Tex.R. Civ. P. 245. Failure to give this required notice constitutes a denial of a party's due process right to be heard in a contested case. *Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ).