**Ray A. DICKERSON, Jr. and Rita B. Dickerson, Appellant,**

v.

**SONAT EXPLORATION COMPANY, Appellee.**

**No. 12–97–00297–CV.**

Court of Appeals of Texas, Tyler.

June 29, 1998.

Orval Lee Marlow, Houston, for appellant.

Preston McGee, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal by writ of error from a February 13, 1997 order of dismissal for want of prosecution. Appellants Ray and Rita Dickerson ("Dickersons") claim that they did not receive the required notice of either the January 31, 1997 dismissal docket or the subsequent order of dismissal from the trial court. They claim that they failed to receive their notices because the Clerk mailed them to their attorney's former address, and that this was error apparent on the face of the record. For the reasons given, we agree and remand the case for trial on its merits.

The Dickersons sued Appellee, Sonat Exploration Company ("Sonat"), for breach of contract, a request for an accounting, and for both common law and statutory fraud relating to an oil, gas, and mineral lease. The record reflects that the case had been on the court's docket for several years and was set on a general dismissal docket call on January

31, 1997 (pursuant to a notice of docket call dated January 16, 1997). On February 13, 1997, when the Dickersons did not appear at the docket call, the judge signed an order of dismissal dismissing Appellant's cause of action pursuant to Rule 165a of the Texas Rules of Civil Procedure. The Dickersons maintain that they first learned of the dismissal when Sonat's counsel declined any further discovery. Upon receipt of this information, the Dickersons immediately contacted the Shelby County District Clerk's office as to why they had not received a copy of either the notice of docket call or the dismissal. The clerk's office informed the Dickersons that the notices had been returned marked "Return to Sender—Undeliverable as Addressed, Forwarding Order Expired" or "Return to Sender—Moved, Left no Forwarding Address." These letters are contained in the transcript. From the filing of the lawsuit until June 20, 1994, Dickersons' attorney's office was located at 2200 West Loop South, Suite 225, Houston, Texas 77027. He then moved to 1980 Post Oak Boulevard, Suite 700, Houston, Texas 77056. Counsel maintains that he filed his address change with the offices of the various counties and district clerks and counties in which he had pending cases, including Shelby County. The Shelby County District Clerk's office could not locate this notification of change of address, however.

■ Appellants state that their case was on the docket for so long without trial because they encountered difficulties locating several of Sonat's ex-employees, and that it was not until February 1997 that the Dickersons discovered their whereabouts. The Dickersons attach, as an exhibit to their brief, a copy of a February 6, 1997 fax confirming a mutually agreeable time in which to take the deposition of those witnesses. It is also apparent from the record that during the years in which this case was pending, the parties propounded and responded to numerous discovery requests.

■ This case comes to us by way of writ of error under former TEX. R. APP. P. 45 now known as a restricted appeal, which is governed by TEX. R. APP. P. 30 and TEX. CIV. PRAC. & REM. CODE ANN.

§§ 51.012–51 .013 (Vernon 1997). There are four necessary elements for a restricted appeal: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). In this case, the only issue is whether the error is apparent from the face of the record.

■ A failure of the record to show that the Dickersons received either notice of a dismissal docket setting or notice of the trial court's order of dismissal and the subsequent dismissal without notice constitutes a violation of their due process rights. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss to each attorney of record and to each party not represented by an attorney, and to the addresses shown on the docket *or papers on file.* TEX. R. CIV. P. 165a. This notice must state the date and place of the dismissal hearing. *Id.* Once the order is signed, the clerk of the court is required to immediately give notice to the parties or their attorneys by first-class mail advising them of such judgment. TEX. R. CIV. P. 306a. In the present case, the Dickersons acknowledge that the pleadings on file with the court at the time of the dismissal contained their attorney's previous address, but there existed *among the papers* of the case letters to the clerk acknowledging that the parties had agreed to continuances. The Dickersons' attorney's current address was located on his letterhead.

■ When confronted with whether a party received adequate notice of a final disposition of a case, appellate courts should construe applicable statutes liberally in favor of the right to appeal. *Stubbs,* 685 S.W.2d at 644. Whether a trial court is required to further examine "the papers on file" to comply with the mandatory provisions of TEX. R. CIV. P. 165 and 306a when a notice letter

is returned "undeliverable," is apparently a case of first impression. In *General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731 (Tex.App.—Houston [14th Dist.] 1993, no writ), the court was confronted with a similar situation involving the dismissal of a case pursuant to Rule 165a. In *General Motors*, one of the parties' counsel did not receive either the Notice of Intent to Dismiss or the Order of Dismissal. The appellate court found that the notices contained an incomplete address and, therefore, were never received. It held that an incomplete address on the notice of intent to dismiss and on the notice of the actual dismissal order constituted error apparent on the face of the record for purposes of the writ of error. The court further found that the error was apparent on the face of the record even though the appellants had provided the wrong address on a previous notice filed by them in the trial court. *Id.* at 733–34.

The court reached a similar conclusion in a case involving a Rule 165a dismissal in which the court personnel sent the notice of intention to dismiss and subsequent dismissal order to a previous address of appellant's counsel. *Osterloh v. Ohio Decorative Products, Inc.*, 881 S.W.2d 580 (Tex.App.—Houston [1st Dist.] 1994, no writ). In *Osterloh*, appellant's counsel argued that his address was indicated on several transmittal letters and other documents in the court's files. The court found that the court personnel had not complied with the provisions of Rule 165a of the Texas Rules of Civil Procedure. *Id.* at 582.

The Dickersons have cited *Transoceanic Shipping Co., Inc., et al. v. General Universal Systems, Inc.*, 961 S.W.2d 418 (Tex. App.—Houston [1st Dist.] 1997, no writ), in which counsel failed to receive notice of a trial setting. Appellants' counsel had moved and there was nothing in the record to indicate that he had notified the trial court of his new address. *Id.* at 419. The appellants never received the notice by mail and the notice was returned to the court. The appellate court held that there was error on the face of the record because the notice was returned to the trial court marked "RETURN TO SENDER." *Id.* at 420.

A motion to dismiss for want of prosecution in a civil case generally arises either when the opposite party files such a motion or when the trial court on its own initiative undertakes to clear its docket of stale or inactive cases. In the former situation, it would be incumbent upon the moving party to insure that the opposing party receive proper notice under TEX. R. CIV. P. 165a. However, when the court initiates a decision to dismiss, a duty is placed on it to see that all proper notice is made "from the docket or the papers on file with the court." Sonat argues that to require the trial court to examine each case to see if there is any evidence of a different address when notice is returned by the post office would be too time consuming and would grind the work of our courts to a halt. We do not agree, since the notice is mandatory and involves a constitutionally protected right. The court or clerk should direct its personnel that when notices are returned undeliverable, they should reexamine the file to determine if there is evidence of a more recent address. We do not believe that this procedure will create an undue burden.

Liberally construing the language of what constitutes "papers on file with the court" and the right of appeal, we hold that the Dickersons have established error from the face of the record. We therefore *grant* the writ of error and reinstate the case on the trial court's docket.