

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00055-CV

**GMAC, AS SUBROGEE OF ED WHITED, AND
STATE FARM INSURANCE, AS SUBROGEE
OF DAVID MALLOW,**

Appellants

 v.

**FLEETWOOD ENTERPRISES, INC., AND
FLEETWOOD MOTOR HOMES OF
PENNSYLVANIA, INC.,**

Appellees

**From the 52nd District Court
Coryell County, Texas
Trial Court No. CAC-02-34258**

## MEMORANDUM  OPINION

GMAC, as subrogee of Ed Whited, and State Farm Insurance, as subrogee of David Mallow ("GMAC") sued Fleetwood Enterprises, Inc. and Fleetwood Motor Homes of Pennsylvania, Inc. to recover amounts paid to insureds Whited and Mallow as the result of a fire that originated in a mobile home manufactured by Fleetwood and owned by Whited.  The trial court mailed notice of intent to dismiss for want of

prosecution to the former address of GMAC's counsel and subsequently dismissed the lawsuit. In one issue, GMAC challenges the dismissal on grounds that it did not receive notice. We reverse and remand.

## RESTRICTED APPEAL

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.). It must: (1) be brought within six months after the judgment is signed; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. *Id*; *see* TEX. R. APP. P. 26.1(c); *see also* TEX. R. APP. P. 30. The parties do not dispute the first three requirements, leaving only the issue of whether GMAC demonstrates error on the face of the record. *See Campbell*, 72 S.W.3d at 725.

## ANALYSIS

A trial court may dismiss a suit when (1) a party fails to appear for a trial or hearing; or (2) it is not disposed of within the time standards given by the Supreme Court. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied); *see* TEX. R. CIV. P. 165a(1), (2). A party must first be provided with notice and an opportunity to be heard. *See Dueitt*, 180 S.W.3d at 737; *see also* TEX. R. CIV. P. 165a(1). Failure to provide adequate notice of intent to dismiss requires reversal. *See Dueitt*, 180 S.W.3d at 737. We review a dismissal for want of prosecution under an abuse-of-discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997).

When GMAC filed suit, counsel's office was located on Green Oaks Boulevard. The trial court mailed the first notice of intent to dismiss to this address. The case was retained. The trial court mailed a second notice to Green Oaks. In an unopposed motion to retain and cover letter, GMAC's counsel listed his new North Little School Boulevard address. The order granting the motion also listed this address. A third notice of intent to dismiss was later mailed to Green Oaks and returned, marked "RETURN TO SENDER," "NOT DELIVERABLE AS ADDRESSED," and "UNABLE TO FORWARD." The trial court dismissed the lawsuit. A letter advising GMAC of the dismissal was also returned. Upon discovering the dismissal, GMAC's counsel mailed a letter to the trial court asking that his address be updated and stating that he never received notice of intent to dismiss because it was mailed to Green Oaks.

Citing *Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339 (Tex. App.—Tyler 1998, pet. denied), *Transoceanic Shipping Co. v. General Universal Systems*, 961 S.W.2d 418 (Tex. App.—Houston [1st Dist.] 1997, no pet.), and *Osterloh v. Ohio Decorative Products*, 881 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1994, no pet.), GMAC contends that proper notice was not provided in accordance with Rule 165a.

In *Dickerson*, a notice of intent to dismiss and order of dismissal were mailed to counsel's former address and returned undeliverable. *See Dickerson*, 975 S.W.2d at 340-41. Counsel had filed an address change with clerks in surrounding counties, including the clerk of the county where the Dickerson case was pending. *Id*. at 341. The clerk could not locate this notification. *Id*. The papers on file with the court included counsel's former and current addresses. *Id*. The Tyler Court held, "[W]hen the court

initiates a decision to dismiss, a duty is placed on it to see that all proper notice is made 'from the docket or the papers on file with the court.'" *Id.* at 342. Because "notice is mandatory and involves a constitutionally protected right," "when notices are returned undeliverable, [the court or clerk] should reexamine the file to determine if there is evidence of a more recent address." *Id.*

In *Transoceanic*, a notice of trial setting was mailed to Transoceanic's counsel's former address and returned undeliverable. *See Transoceanic*, 961 S.W.2d at 419-20. The trial court granted a default judgment. *Id.* at 419. "[E]vidence in the record indicating that Transoceanic did not receive the trial setting notice mailed by the clerk constitute[d] error on the face of the record." *Id.* at 420. Whether Transoceanic's counsel was at fault by failing to provide a current mailing address was not a consideration on appeal by writ of error, a non-equitable proceeding. *See id.*

In *Osterloh*, the trial court mailed a notice of intent to dismiss, a dismissal order, and notice of the dismissal to the former address of Osterloh's attorney. *See Osterloh*, 881 S.W.2d at 581. All documents filed by the attorney listed his correct address, but the incorrect address was listed in the district clerk's attorney register. *Id.* Osterloh brought a bill of review to set aside the dismissal, arguing that "court personnel made a mistake or error by failing to send the notices to the address shown *in the papers on file with the court.*" *Id.* at 582. The First Court agreed: "The papers on file with the court in this case reflect that [Osterloh's] counsel's address was on Post Oak;" the clerk erred by relying on the register. *Id.*

In light of these cases, GMAC contends that error is apparent on the face of the record because notice was mailed to the incorrect address and returned undeliverable. In response, Fleetwood maintains that GMAC's counsel had a duty to notify the trial court of an address change and was negligent by failing to do so. However, this is a restricted appeal, not a bill of review.[1] *See* TEX. R. APP. P. 30 (restricted appeal); *see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (equitable bill of review). In a restricted appeal, GMAC need not show diligence or lack of negligence. *See Texaco v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996) ("As in an ordinary appeal, a writ of error appellant is not required to show diligence or lack of negligence before its complaints will be heard."); *see also* TEX. R. APP. P. 30 ("Restricted appeals replace writ of error appeals"); *Transoceanic*, 961 S.W.2d at 420. We reject Fleetwood's argument.[2]

Fleetwood further argues that *Dickerson*, *Transoceanic*, and *Osterloh* are "outdated" and distinguishable. Fleetwood contends that, unlike *Dickerson*, this case involves three dismissal settings, counsel did not argue that he attempted to notify the trial court of an address change, counsel failed to provide a correct address even after

---

[1]    Fleetwood argues that GMAC filed a bill of review with the trial court before filing this restricted appeal. A copy of the bill of review is attached as an exhibit to Fleetwood's brief, but is neither file-marked nor contained in the record. *See Mitchell v. Citifinancial Mortg. Co.*, 192 S.W.3d 882, 883 (Tex. App.—Dallas 2006, no pet.) (We "may not consider any matters that are outside the appellate record.").

[2]    In support of this argument, Fleetwood relies on *Abou-Trabi v. Best Indus. Uniform Supply, Inc.*, No. 14-02-01000-CV, 2003 Tex. App. LEXIS 8514 (Tex. App.—Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem. op.) and *Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Both cases address the third prong of a bill of review analysis, whether the dismissal was free from the petitioner's own fault or negligence, and involve a finding that the petitioners were negligent by failing to provide correct addresses to the trial court. *See Abou-Trabi*, 2003 Tex. App. LEXIS 8514, at *12; *see also Hernandez*, 16 S.W.3d at 58-60.

receiving the second notice of intent to dismiss mailed to Green Oaks, and GMAC's

counsel should have anticipated a third setting when he allowed the case to "languish."

Fleetwood also contends that *Withrow v. Schou*, 13 S.W.3d 37 (Tex. App.—

Houston [14th Dist.] 1999, pet. denied), not *Transoceanic*, applies the proper standard.

In *Withrow*, the trial court mailed notice of trial setting to Withrow's attorney at the

address on file. *See Withrow*, 13 S.W.3d at 39. The notice was returned undeliverable.

*Id*. The trial court granted a post-answer default judgment. *Id*. On writ of error, the

Fourteenth Court disagreed with *Transoceanic*:

> There is no error "apparent from the face of the record" when the trial
> court or clerk fully complies with Rule 245 by mailing notice of the trial
> setting to appellant's attorney of record at his last known address.
> Neither Rule 245 nor the due process clause absolutely require actual
> notice of a trial setting, as the *Transoceanic Shipping* court and the dissent
> in this case imply. This misallocates the respective duties and creates a
> potential for abuse. It is implicit in Rule 8 that an attorney in charge is
> responsible for notifying the court and opposing counsel of any change in
> his address immediately and certainly before any address forwarding
> order has expired. Similarly, [Rule] 21a specifies that notices be sent to the
> party's *last know[n] address*, thus imposing a responsibility on the person to
> be notified to keep the court and parties apprised of their correct and
> current address. Once an attorney appears on the initial pleadings,
> "Thereafter, until such designation is changed by written notice to the
> court and all other parties in accordance with Rule 21a, said attorney in
> charge shall be responsible of the suit as to such party."

*Id*. at 41 (internal citations and footnotes omitted). The Fourteenth Court held, "The

clerk has a duty to notify the parties of trial settings and the party has a continuing duty

to specify where that notice will be sent." *Id.* at 41-42. No error was apparent on the

face of the record because the trial court satisfied Rule 245 and "acted reasonably under

the circumstances in fulfilling its due process obligations" by mailing the notice to Withrow's counsel at the last address given. *Id*. at 42.

Finally, citing *Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48 (Tex. App.—Houston [1st Dist.] 2000, pet. denied), Fleetwood distinguishes *Osterloh*. In *Hernandez*, the First Court noted that *Osterloh* involved a situation where the "clerk's action was [] a mistake, not misinformation." *Hernandez*, 16 S.W.3d at 58 (citing *Osterloh*, 881 S.W.2d at 582). Fleetwood argues that the district clerk relied on the address found in GMAC's initial pleadings, without having been alerted to the new address on file. Citing *Withrow*, Fleetwood maintains that GMAC had "ample opportunity" to ensure that the trial court had a correct mailing address and must bear the burden of its failure to do so.

Unlike *Withrow*, the notice in this case was not mailed to counsel's last known address. The last documents filed by GMAC before the dismissal, *i.e.*, the cover letter, motion to retain, and order granting the motion, listed counsel's current Little School Road address. These documents were filed in response to the second notice, which was mailed to the Green Oaks address and apparently received by GMAC's counsel. Certainly, this placed counsel on notice that the trial court was using an old mailing address and needed the correct address. Counsel did not file a formal address change, but did file documents listing the correct address. Thus, as in *Dickerson*, the papers on file with the court included both former and current addresses. *See Dickerson*, 975 S.W.2d at 341. When the notice was returned, court personnel should have "reexamine[d] the file to determine if there is evidence of a more recent address." *Id*. Regardless of the number of previous notices, GMAC was still entitled to proper notice

of the third dismissal. *See id.* at 342; *see also Mann v. Fleetwood Mgmt. Corp.*, No. 01-99-00927-CV, 2000 Tex. App. LEXIS 1747, at *4 (Tex. App.—Houston [1st Dist.] March 16, 2000, no pet.) (not designated for publication) ("Although attorneys would be wise to provide their current address to the District Clerk, they are under no affirmative duty to do so.").

In light of pleadings listing the correct address of GMAC's counsel, notice mailed to the incorrect address, and envelopes returned undeliverable, the record demonstrated that GMAC did not receive notice of the intent to dismiss for want of prosecution. Error is, therefore, apparent from the face of the record. *See Dickerson*, 975 S.W.2d at 341-42; *see also Transoceanic*, 961 S.W.2d at 420; *Mann*, 2000 Tex. App. LEXIS 1747, at *5 ("The evidence in this record--a petition and motion bearing the current address, citations and a notice of intent to dismiss showing the former address, and an envelope marked 'Forwarding Address Expired'--is sufficient to show error on the face of the record."). We sustain GMAC's sole issue, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Reversed and remanded
Opinion delivered and filed March 18, 2009
[CV06]