**Reversed and Remanded and Opinion Filed October 31, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00133-CV

**GETMEPLACEMENT, LLC, Appellant**

**V.**

**WIESE INDUSTRIES, INC. D/B/A PIXELBOOST, Appellee**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-06424-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

In this restricted appeal, appellant GetMePlacement, LLC (GMP) appeals the trial court's final judgment in favor of appellee Wiese Industries, Inc. d/b/a PixelBoost (PixelBoost). For the reasons explained below in this memorandum opinion,[1] we sustain GMP's restricted appeal, reverse the final judgment, and remand the case for further proceedings.

---

[1] *See* TEX. R. APP. P. 47.4 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.").

## BACKGROUND

PixelBoost sued GMP in December 2018, asserting fraudulent inducement, breach of contract, and DTPA[2] claims against GMP. GMP answered, generally denying PixelBoost's claims.

In April 2019, GMP's counsel filed a notice informing PixelBoost and the court his address and firm name had changed. The filing included GMP's trial counsel's new phone number, email address, and address on Main Street in Dallas.[3]

In December 2019, the court entered a sanctions order against GMP, stating:

> After hearing the evidence and arguments of Counsel, the Court is of the opinion that [PixelBoost's Motion for Additional Discovery Sanctions] should be GRANTED as follows:
>
> [GMP] is found to have violated this Court's September 12, 2019, Order compelling discovery as [GMP] failed to file sworn interrogatory responses and failed to completely and fully respond to the Interrogatories and Requests for Production as attached to [PixelBoost's] Original Motion To Compel even at the point of this hearing three months later.
>
> Previous sanctions in the form of attorney's fees have proven ineffective at bringing [GMP] into compliance with discovery, and [GMP] has further shown disregard for compliance with the Court's orders concerning discovery.
>
> While no reasonable explanation has been provided for the failure to comply with the previous order and the Court is inclined to grant the heavy sanctions listed in [PixelBoost's] Motion, the Court refrains from doing so immediately and gives [GMP] one last chance to comply with the previous Order.

---

[2] *See* TEX. BUS. & COM. CODE § 17.01–.955 (Deceptive Trade Practices Act).

[3] GMP is represented by other counsel on appeal than in the trial court. Unless otherwise noted, our references to GMP's counsel refer to its trial counsel. GMP's counsel's prior address was on Network Boulevard in Frisco, Texas, according to GMP's original answer.

A.    Therefore, it is ORDERED that [GMP] completely and fully comply with the September 12, 2019 Order by fully answering and producing responsive documents, all without objection, to the Interrogatories and Requests for Production as attached to [PixelBoost's] Original Motion To Compel by 5:00 P.M. on Friday December 20, 2019. The interrogatory responses must be verified under oath.

B.    In addition, [GMP] is Ordered to Pay to [PixelBoost] by 5:00 p.m. on Wednesday, December 18, 2019, as a sanction the amount of $4,290.00 which the court finds is reasonable amount to compensate [PixelBoost] for its reasonable and necessary attorney fees dealing with the discovery issues since the entering of the previous order.

C.    (The remainder of this order is conditional).  It is reasonable to further sanction [GMP], in the event that [GMP] does not comply fully with the prior Paragraphs A and B of this Order, by finding as a matter of law that [GMP] is liable to [PixelBoost] on every theory of liability pleaded by [PixelBoost] as of December 13, 2019.  [GMP's] duty to pay the amount in Paragraph B above survives the application of this conditional part of the order.

In January 2019, the month after the above sanctions order, PixelBoost filed a traditional motion for summary judgment on all of its claims, arguing, in part, that because GMP failed to fully respond to various discovery requests and had violated the December 13, 2019 sanctions order, GMP was liable to PixelBoost on every theory of liability PixelBoost pleaded as of December 13, 2019.

The summary judgment hearing was initially set for April 16, 2020, was reset to July 9, 2020, due to COVID-19 restrictions, and was reset again for the July 22, 2021 submission docket, again due to COVID-19 restrictions.[4]

---

[4] Approximately five weeks before the June 22, 2021 setting on the submission docket, the trial court administrator informed the parties' counsel that "[t]he Court is not yet conducting in person hearings, therefore, this MSJ hearing has been rescheduled to July 22 Submission Docket[.]"

GMP filed no response to PixelBoost's summary judgment motion.

On September 2, 2020, the trial court signed a final judgment granting

PixelBoost's summary judgment motion, stating:

On the 22nd day of July, 2020 came on to be heard [PixelBoost's] (Traditional) Motion for Full or Partial Summary Judgment on the Court's submission docket. [GMP] filed no response. After considering the summary judgment evidence and arguments of Counsel as contained in the Motion, the Court is of the opinion that the Motion should be GRANTED as follows:

Judgment is granted in favor of [PixelBoost], and against [GMP] on each of the claims made by [PixelBoost]: Fraud in the Inducement; Texas Deceptive Trade Practices Act Violations; and Breach of Contract. Judgment is awarded equally on the basis of the merits of the case (law and summary judgment evidence) and as further sanctions against [GMP] for failing to complete discovery responses as previously ordered by the Court.

It is Ordered that [GMP], shall pay and [PixelBoost] is awarded $410,088.06 broken down as follows:

A.      DTPA Misrepresentation Actual Damages of $134,566.70 (these are also the same actual damages proved on the Fraud in the Inducement cause of action);

B.      Breach of Contract Actual Damages of $5,262.96;

C.      DTPA Statutory Damages of $269,133.40 which includes, but is not limited to, attorney fees on the DTPA misrepresentation claims; and

D.      Breach of Contract Attorney fees of $1,125.00.

If this judgment is appealed further, [PixelBoost] is further awarded and [GMP] is liable for the following additional attorney fees:

Responding to a Motion for New Trial:  $7,000.00

Responding to an Appeal to the Court of Appeals:  $20,000.00

Responding to a further appeal to the Texas Supreme Court: $15,000.00

This judgment shall earn post judgment interest at the statutory rate of 5%.

This is a final judgment and any relief not granted is Denied.

Let execution issue on this judgment.

On the same day the trial court signed the final judgment, the clerk of court sent letters to the parties' counsel notifying them of the signing of the final judgment and stating that counsel could obtain a copy by contacting the district clerk's office.

The clerk's notice to GMP's counsel was addressed to his former Network Boulevard address in Frisco, not to the address on Main Street in Dallas that he had informed the court and PixelBoost about over a year earlier.

On September 17, 2020, the clerk's notice to GMP's counsel was returned undelivered and was filed by the clerk's office. The envelope included a United States Postal Service label that stated "FORWARD TIME EXP RTN TO SEND . . . RETURN TO SENDER" and included GMP's counsel's Main Street address:



According to the record, the court clerk took no additional action on the notice to GMP's counsel after the September 2, 2020 notice was returned.

Within six months after the final judgment was signed, GMP filed a notice of restricted appeal. Although its notice did not include the information required by rule of appellate procedure 25.1(d)(7),[5] GMP amended its notice after the parties filed appellate briefs and after we provided GMP leave to do so.[6]

### JURISDICTION IN RESTRICTED APPEALS

We must first address our jurisdiction over this restricted appeal.

Generally, a party wishing to appeal a trial court judgment must file a notice of appeal within thirty days after the judgment is signed, but a timely filed motion for new trial, motion to modify the judgment, motion to reinstate, or a proper request for findings of fact and conclusions of law extends that deadline to ninety days after the judgment is signed. *See Ex Parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing TEX. R. APP. P. 26.1). Additionally, "if the party 'did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of' and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or file a notice of appeal within ninety days, the party may pursue

---

[5] *See* TEX. R. APP. P. 25.1(d)(7) (in a restricted appeal, the notice of appeal must "(A) state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of; (B) state that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal; and (C) be verified by the appellant if the appellant does not have counsel.").

[6] By letter dated September 10, 2021, we informed GMP's counsel that GMP's notice of restricted appeal did not contain the information required under rule of appellate procedure 25.1(d)(7) and directed GMP to file within ten days an amended notice complying with the rule. GMP did so. Under the circumstances, appellant properly invoked our jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (stating an original notice of appeal that was defective but timely filed "properly invoked the court of appeals' jurisdiction [and] was timely amended.").

–6–

a restricted appeal by filing a notice of appeal within six months after the judgment or order is signed." *Id.* (quoting TEX. R. APP. P. 30).[7] A notice of restricted appeal must state these requirements are met, *id.* (citing TEX. R. APP. P. 25.1(d)(7)),[8] but a party may amend the notice, as GMP did here.[9]

A restricted appeal gives an appellant the same scope of review as an ordinary appeal. *Ex Parte E.H.*, 602 S.W.3d at 495 (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).[10] For us to "sustain" GMP's restricted appeal, GMP must show (1) it filed a notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the

---

[7] *See* TEX. R. APP. P. 30 ("A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.")

[8] *See* TEX. R. APP. P. 25.1(d)(7).

[9] *See* TEX. R. APP. P. 25.1(g) ("An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.").

[10] *Norman* discussed writ-of-error review, which was replaced by restricted appeals under rule 30. *See Ex Parte E.H.*, 602 S.W.3d at 495.

record.  *See id*. (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)).

The first three of these requirements are jurisdictional.  *Id*.  The fourth requirement—which is derived from case law and is not included in rule 30—is not jurisdictional and goes to the merits of the appeal.  *Id*. at 495–97.

In this case, GMP argues we have jurisdiction because all four requirements are met.  PixelBoost argues we lack jurisdiction and that GMP has not met the third and fourth requirements.[11]

### PARTICIPATION IN HEARING RESULTING IN JUDGMENT

GMP argues it met the third requirement because it "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of[.]"  TEX. R. APP. P. 30.

Pixelboost argues otherwise, not by arguing GMP participated in a summary judgment hearing that led to the final judgment,[12] but instead by arguing GMP's participation in the sanctions proceedings and its notice of the summary judgment motion and submission "amounted to participation in the hearing resulting in

---

[11] The first two requirements are not disputed, and we agree they were met.  The record shows GMP "did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)."  *See* TEX. R. APP. P. 30.

[12] The parties agree GMP did not file a summary judgment response, and PixelBoost's summary judgment motion was decided by submission.

judgment." PixelBoost attempts to distinguish two of our earlier cases[13] and urges us to consider whether GMP needed additional time to familiarize itself with the record, arguing it did not.[14]

We agree with GMP's argument that in this restricted appeal, GMP's participation in the sanctions hearing does not matter because GMP is complaining of the final judgment resulting from PixelBoost's summary judgment motion, not the trial court's December 2019 sanctions order. As GMP points out, PixelBoost had not even filed its summary judgment motion at the time of the sanctions hearing in which GMP participated.

---

[13] PixelBoost acknowledges "[t]here are numerous cases from this court and others holding that failing to both respond to a motion for summary judgment and failing to attend the summary judgment hearing is a failure to participate in the hearing that resulted in the complained of judgment" and cites two of our cases in connection with that statement. *See Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) (concluding party who did not appear at the summary judgment hearing still participated in the hearing by filing a summary judgment response and stating, "The key question in deciding whether appellant participated in the trial is deciding whether appellant took part in the decision-making event that resulted in the adjudication of his rights." and); *Rivero v. Blue Keel Funding, LLC*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.) (concluding party did not participate in the decision-making event from which the judgment against him resulted because he did not respond to or appear at the hearing on his opponent's motion for summary judgment). Rather than trying to apply those cases to the facts before us, PixelBoost only attempts to distinguish them by arguing that, unlike those cases, this case involved "bifurcated hearings on liability and damages" where "there was participation at the evidentiary hearing on sanctions that established liability but no response was made to the summary judgment motion on damages." We are not persuaded by PixelBoost's attempt to distinguish the case on that basis because we disagree this case involved bifurcated hearings on liability and damages. At the time of the sanctions order, liability and damages were not yet established, and following submission of the summary judgment motion, the final judgment addressed both.

[14] In a further attempt to distinguish the *Lake* and *Rivero* cases cited above, PixelBoost argues those cases did not analyze whether extra time was needed for the appellants to familiarize themselves with the record, an action it argues we should do in accordance with *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096 (Tex. 1941). We decline to do so, because even if *Lawyers Lloyd*'s 1941 discussion of the underlying policies or the history of writs of error continues to retain any intrinsic value in restricted appeals in 2022, we find no support for PixelBoost's implication that we are somehow required to analyze whether GMP needed more time to familiarize itself with the summary judgment record, when no such analysis is required under *Ex Parte E.H.*, 602 S.W.3d at 495–97, the Texas Supreme Court's latest statement on the requirements for restricted appeals.

We resolve the parties' dispute regarding the third requirement in GMP's favor and conclude GMP "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of[.]" *See* TEX. R. APP. P. 30; *Rivero*, 127 S.W.3d at 424 (in appeal of summary judgment, party who did not respond to summary judgment motion or appear at summary judgment hearing did not participate in the decision-making event from which the judgment against him resulted).

## ERROR ON THE FACE OF THE RECORD

We turn next to the fourth requirement—whether error is apparent on the face of the record—which requires us to analyze the merits of GMP's grounds for appeal. *See Ex Parte E.H.*, 602 S.W.3d at 495–97.

"For purposes of our review, the face of the record includes all the papers on file in the appeal including the reporter's record." *Sims v. Dallas Cty.*, No. 05-18-00712-CV, 2019 WL 2004054, at *1 (Tex. App.—Dallas May 7, 2019, pet. denied) (mem. op.) (citing *Norman Commc'ns*, 955 S.W.2d at 270). "As such, our scope of review may include challenges to the legal and factual sufficiency of the evidence." *Id*. (citing *Norman Commc'ns*, 955 S.W.2d at 270).

In three issues, GMP argues that error is apparent on the face of the record because (1) GMP was not given the required notice of final judgment; (2) the final judgment awards statutory damages under the DTPA without evidence GMP acted

knowingly or intentionally; and (3) the judgment awards actual damages that are not recoverable and are not supported by the evidence.

We begin with GMP's first issue regarding notice.

The record reflects that, while the clerk sent a letter enclosing a copy of the final judgment to GMP's trial court counsel on the same day the judgment was signed, the clerk addressed the letter to GMP's counsel at a former address in Frisco, not the Dallas address GMP's counsel had informed the court about more than a year earlier. The notice was not delivered and was returned to the clerk's office. The record lacks any indication the clerk took any action to ensure notice of the judgment was provided to GMP or its counsel once the original notice was returned, even though the postal service label placed on the returned envelope included GMP's counsel's correct address.

GMP argues error exists on the face of the record because it was not provided notice of the judgment as required by rule 306a(3). *See* TEX. R. CIV. P. 306a(3) (stating, "When the final judgment . . . is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment . . . was signed.").[15] GMP cites various cases in support

___

[15] Rule 306a was amended effective May 1, 2022, after the signing of the final judgment in this case, and above, we quote a portion of the former rule. Currently, rule 306a(3) states, in part, "When the final judgment or other appealable order is signed, the clerk of the court must immediately give notice to the parties or their attorneys of record electronically or by first-class mail advising that the judgment or order was signed." *See* TEX. R. CIV. P. 306a(3).

–11–

of its arguments, including our prior decision in *Smith v. Shipp*, No. 05-09-01204-CV, 2010 WL 2653733 (Tex. App.—Dallas July 6, 2010, no pet.) (mem. op.), in which we stated, under circumstances similar, but not identical,[16] to those before us:

> [T]he record shows the order of dismissal was never sent to the [appellants'] counsel, because it was returned in an unaddressed envelope. When the court signs an order of dismissal, the clerk is required to give immediate notice to the parties or their attorneys by first-class mail advising them of the judgment. TEX. R. CIV. P. 306a(3). *See also Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 341 (Tex. App.—Tyler 1998, pet. denied). Failure to give this mandatory notice is also a violation of the [appellants] due process rights and constitutes error on the face of the record. *Id*. at 341–42.

*Id*., at *2.

PixelBoost agrees "the trial court clerk sent the [r]ule 306a notice . . . to [GMP's counsel's] former address"[17] but attempts to distinguish *Shipp* and other similar cases GMP relies on two bases. First, PixelBoost argues *Shipp* and similar cases are distinguishable from the circumstances here because *Shipp* and other cases GMP relies on involved a lack of a notice of trial setting and a lack of a rule 306a notice, while this case only involves arguments regarding the latter.

Second, PixelBoost argues this is not error on the face of the record under the circumstances because, according to PixelBoost, GMP twice "received actual notice

---

[16] *Shipp* involved a situation in which the appellant did not receive notice of the trial setting or notice of the order of dismissal that was the subject of that restricted appeal. *Shipp*, 2010 WL 2653733, at *2. In this case, no argument is made regarding any alleged lack of notice of the summary judgment submission date, although we note that, like the clerk's rule 306a(3) notice, the record shows the multiple fiats regarding the initial and subsequent hearing and submission dates were sent to GMP's counsel's former address in Frisco, not his address in Dallas, according to the certificates of service on the fiats.

[17] PixelBoost's brief states, "The record is clear this happened[.]"

–12–

of a judgment being entered against it," both times within the [ninety] day period set out in [r]ule 306a(4)"—once upon service of a writ of execution, and again upon service of post-judgment discovery. Thus, PixelBoost argues, because GMP had actual notice of the judgment, it was not denied due process rights by its failure to receive the clerk's notice under rule 306a(3).

We are unpersuaded by PixelBoost's arguments. First, while this case is not identical to *Shipp*, we disagree the distinction regarding the lack of a trial notice in *Shipp* is significant, as we did not state or suggest in *Shipp* that an appellant must show both an improper notice of trial and an improper rule 306a(3) notice before a party may prevail in a restricted appeal when claiming error exists on the face of the record based on an improper notice. *See Shipp*, 2010 WL 2653733, at \*1–2.

Second, despite PixelBoost's arguments regarding GMP's actual notice, we find nothing in the record to reflect GMP received actual notice of the final judgment, at least not without drawing inferences in PixelBoost's favor. Neither the writ of execution nor the amended writ of execution is in the record before us. While two officer's returns are in the record, the first return for the original writ of execution was returned unexecuted, and the second return for the amended writ of execution fails to indicate the final judgment or any other document was served.[18]

---

[18] The second return states the amended writ was "executed . . . by making demand upon" GMP's owner/president in his official capacity and was being "returned as Nulla Bonna" after no non-exempt property belonging to GMP was found in the specified county that could be levied upon.

Third, our sister court's two opinions in *Thacker v. Thacker*—cases upon which Pixelboost primarily relies—are distinguishable in an important way because, unlike GMP, the appellant filed a summary judgment response in the trial court. *See* 496 S.W.2d 201, 203 (Tex. App.—Amarillo 1973, writ dism'd) (noting, in writ of error proceeding, appellant filed "her answer to, and an affidavit submitted in contravention of, the motions for summary judgment"); 490 S.W.2d 234, 235 (Tex. App.—Amarillo 1973, no writ) (per curiam) (noting, in an appeal preceding the writ of error appeal, appellant "filed an answer to the [summary judgment] motions, supported by affidavit"). We decline to follow the *Thacker* opinions in this case.

Similar to our conclusion in *Shipp*, we conclude the clerk's failure to give the mandatory rule 306a(3) notice is a violation of GMP's due process rights and constitutes error on the face of the record. *See Shipp*, 2010 WL 2653733, at *2.

We sustain GMP's first issue and need not reach its other two.[19]

## CONCLUSION

For the foregoing reasons, we sustain this restricted appeal and accordingly reverse the judgment and remand the case for further proceedings.

210133f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

---

[19] *See* TEX. R. APP. P. 47.1 (our written opinion must be as brief as practicable but address every issue raised and necessary to final disposition of the appeal).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GETMEPLACEMENT, LLC,
Appellant

No. 05-21-00133-CV     V.

WIESE INDUSTRIES, INC. D/B/A
PIXELBOOST, Appellee

On Appeal from the 417th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 417-06424-
2018.
Opinion delivered by Justice
Molberg. Justices Schenck and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant GETMEPLACEMENT, LLC recover its costs of this appeal from appellee WIESE INDUSTRIES, INC. D/B/A PIXELBOOST.

Judgment entered this 31st day of October 2022.