Kem Thompson Frost, Chief Justice
After the trial court dismissed an oil company's indemnity claims for want of prosecution, the company sought an equitable bill of review asserting that the trial court clerk sent the notice for the dismissal hearing under Texas Rule of Civil Procedure 165a to the wrong address. The trial court granted the defendant's summary-judgment motion on the grounds that there is no evidence of official mistake unmixed with any fault or negligence on the oil company's part. Concluding that the summary-judgment evidence raises a genuine fact issue on this point, we reverse and remand.
I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant/plaintiff Marathon Petroleum Company, LP, successor in interest to Marathon Petroleum Company, LLC and Marathon Ashland Petroleum, LLC filed a petition for equitable bill of review in the trial court, naming appellee/defendant Cherry Moving Company, Inc. d/b/a Cherry Demolition as the sole defendant. Marathon sought relief from a January 2015 order dismissing Marathon's claims against Cherry for want of prosecution signed by the trial court in Marathon Ashland Petroleum, LLC v. Frontier Pacific Insurance Company , No. 98-CV-0687-A (the "Underlying Case"). Marathon asserts that it did not receive notice of the trial court's intent to dismiss the Underlying Case for want of prosecution until September 2015, after the deadlines for filing a motion to retain, motion to reinstate, motion for new trial, and after the trial court lost plenary power to grant relief from the dismissal order.
A. The Underlying Case
According to Marathon, the underlying claims arose from an industrial accident that occurred at Marathon's Texas City refinery in 1998. Several contract workers sustained injuries in an explosion or flash fire in a vacuum tower that was being demolished, and one worker died from his injuries.[1] Marathon arranged for the demolition *794 work under a service contract with Cherry. Marathon contends that the governing contract document contains indemnity language requiring Cherry to indemnify Marathon from liabilities and injuries or deaths arising in the course of the work.
An injured Cherry worker filed suit against Marathon. The estate and family of a deceased worker intervened in the suit. Marathon demanded indemnity from Cherry. Cherry and its insurers did not respond favorably. Based on the indemnity and insurance obligations under the contract documents, Marathon later asserted claims against Cherry, Frontier Pacific Insurance Company and other parties, seeking to enforce Marathon's rights to coverage and indemnity. In 2000, the trial court severed Marathon's claims into cause number 98-CV-0687-A, the Underlying Case. The parties engaged in intensive negotiations in an attempt to resolve the personal-injury and wrongful-death claims. During the final stages of the negotiation, Royal Insurance, Cherry's excess-insurance carrier, agreed to participate in resolving the claims subject to full participation by Frontier, Cherry's primary carrier. At that juncture, Frontier made it known that Frontier could not contribute funds needed to settle the claims. In response, Marathon agreed to advance $1 million to cover the refusal or inability of Frontier and Cherry to contribute funds as required by contract, without waiving Marathon's rights. After Marathon made available the initial $1 million in settlement funds, Royal negotiated the settlement of the personal-injury and wrongful-death claims for a confidential amount that Marathon claims amounted to several times Marathon's contribution.
Thereafter, Marathon renewed its efforts to recover on its insurance and indemnity claims in the Underlying Case. State authorities placed Frontier in receivership and supervised liquidation. Courts in New York and California issued stay orders that prevented any further legal action against Frontier. Attorneys for Frontier requested an abatement in the Underlying Case. The trial court granted an initial abatement in October 2001.
Frontier's insolvency brought about a long period of inaction on Marathon's claims, pending resolution of the financial status of Frontier, the primary insurer on the personal-injury and wrongful-death claims. Marathon sought to recover more than $500,000 in litigation costs as well as its $1 million settlement contribution. Frontier's liquidation was placed under the supervision of the California Insurance Commissioner. Marathon perfected a claim in that proceeding, and the claim was allowed.
The trial court retained the Underlying Case on its docket for more than a decade, all while the parties and the trial court awaited final resolution of the Frontier liquidation. In 2012, Marathon received a partial distribution from the Frontier liquidation. In May 2015, the California court supervising the liquidation approved a final distribution to Marathon. On September 2, 2015, after Marathon received this final distribution, counsel for Marathon reported to the trial court by letter that the Frontier liquidation proceeding should close by December 2015, at which point Marathon wanted to proceed with its claims against the remaining parties. That same day, counsel for Royal Insurance emailed counsel for Marathon, informing Marathon that on January 22, 2015, the trial court had signed an order dismissing Marathon's claims in the Underlying Case for want of prosecution ("Dismissal Order").
*795 Marathon asserts that it received notice of the Dismissal Order for the first time on September 2, 2015.
B. Marathon's Petition for Equitable Bill of Review
In December 2015, Marathon filed its petition in this case seeking an equitable bill of review. Marathon contends that an equitable bill of review is its only remedy to the Dismissal Order. Marathon alleges that it has a meritorious indemnity claim against Cherry. According to Marathon, the indemnity provision is enforceable and Marathon is entitled to full indemnity against Cherry, regardless of any alleged negligence by Marathon. Though Marathon asserted claims against other parties in the Underlying Case, Marathon now seeks to pursue only its claims against Cherry.
Even after receiving the distributions from the Frontier liquidation, Marathon alleges that it still has more than $200,000 in actual damages on its indemnity claim that remains due and owing, as well as prejudgment interest in excess of $200,000 and the reasonable attorney's fees incurred by Marathon in pursuing its indemnity claim against Cherry.
Marathon's counsel of record testified in an affidavit made part of the live petition that he has confirmed that before September 2, 2015, his law firm received no actual, written, or oral notice that dismissal of Marathon's claims was planned or entered. Marathon did not seek reinstatement, file a motion for new trial, move for relief under Texas Rule of Civil Procedure 306a, file a notice of appeal, or file a notice of restricted appeal. If Marathon did not receive any notice of the trial court's intention to dismiss for want of prosecution or of the Dismissal Order until September 2, 2015, then Marathon could not have timely sought any of these remedies.
Marathon contends that its counsel of record's failure to receive the notice of intent to dismiss for want of prosecution (the "DWOP Notice") and the notice under Texas Rule of Civil Procedure 306a that the Dismissal Order was signed (" Rule 306a Notice") was due to an official mistake by the Galveston County District Clerk's Office (the "District Clerk") in failing to send the notices to Marathon's counsel of record at his current address as shown in the register of attorneys practicing in the District Courts of Galveston County, which the Galveston County District Clerk maintains (hereinafter the "Galveston County Attorney Register"). Marathon alleges that this official mistake was unmixed with any fault or negligence on Marathon's part.
C. Cherry's Summary-Judgment Motion
Cherry moved for summary judgment on the following grounds:
(1) There is no evidence of fraud, accident, or a wrongful act by Cherry or of official mistake;
(2) There is no evidence that the trial court's 2015 dismissal of the Underlying Case was unmixed with any fault or negligence on Marathon's part;
(3) The summary-judgment evidence proves as a matter of law that there was no official mistake nor was there any fraud, accident, or wrongful act by Cherry; and
(4) The summary-judgment evidence proves as a matter of law that the trial court's 2015 dismissal of the Underlying Case was mixed with fault or negligence on Marathon's part.
Cherry did not assert in its summary-judgment motion a ground challenging the "meritorious defense" element for an equitable bill of review.
*796 Cherry attached evidence to its motion showing that nearly a decade before issuing the Dismissal Order, in March 2005, the trial court dismissed the Underlying Case for want of prosecution and that the District Clerk sent the notice of intent to dismiss for want of prosecution and the notice that the case had been dismissed by final judgment to an address for Marathon's counsel that was no longer current. In 2005, Marathon found out about the dismissal order in time to file a motion to reinstate, which the trial court granted.
Cherry also attached evidence to its motion showing that in December 2014, the trial court signed the DWOP Notice and that the District Clerk sent the DWOP Notice to Marathon's counsel of record at an office on the West Loop South in Houston (the "West Loop Address"). On January 22, 2015, the trial court signed an order dismissing the Underlying Case for want of prosecution. Other evidence indicates that the District Clerk sent the Rule 306a Notice to Marathon's counsel of record at the West Loop Address.
In its motion, Cherry asserted that the DWOP Notice and the Rule 306a Notice were sent to Marathon's counsel of record at the West Loop Address, which Cherry asserts was counsel's last known address. Cherry asserted that the United States Post Office did not return either notice to the District Clerk. Cherry asserted that if, as Marathon alleges, its counsel of record changed his address in 2010, then Marathon and its counsel had a duty under the Texas Rules of Civil Procedure to file a written notice in the Underlying Case notifying the trial court, the District Clerk, and other counsel of the change of address and requesting that the District Clerk send future notices to the new address. Cherry asserted that Marathon and its counsel failed to do so, and therefore the District Clerk properly sent the DWOP Notice and the Rule 306a Notice to the West Loop Address.
D. Marathon's Summary-Judgment Response
Marathon responded in opposition to Cherry's summary-judgment motion. Marathon also contended that an adequate time for discovery had not yet passed, so Marathon objected to the trial court ruling on Cherry's no-evidence grounds. In the response, Marathon pointed to its attached evidence and asserted that the evidence raised fact issues regarding Marathon's assertion of official error unmixed with any fault or negligence on Marathon's part.
Updating of Address in Galveston County Attorney Register
Marathon's attached evidence showed that, in 2010, Marathon's counsel of record moved from the West Loop Address to counsel's current address on Bering Drive in Houston (the "Bering Drive Address"). Marathon submitted evidence that on October 14, 2010, Marathon's counsel of record updated his address in the Galveston County Attorney Register to reflect that counsel's address is the Bering Drive Address. Marathon asserted that in keeping with ordinary prudent practice, Marathon's counsel gave notice to the Galveston County District Clerk when his address changed and that this notice was confirmed when Marathon's counsel had his current address changed on the Galveston County Attorney Register to reflect the Bering Drive Address. Marathon does not contend that Marathon or its counsel filed a notice of change of address in the Underlying Case. Instead, Marathon points to the change of address in Galveston County Attorney Register.
Status Letters with Updated Address in Court's File
Marathon also submitted evidence showing that its counsel sent various status *797 letters to the trial court. The District Clerk filed the status letters in the Underlying Case. In one of these letters, Marathon's counsel states that in 2006 the trial court requested that Marathon and its counsel provide the court with periodic updates about the status of the Underlying Case. Marathon submitted seven update letters reflecting the Bering Drive Address for Marathon's counsel. Marathon's counsel sent these letters to the trial court from 2010 through 2013, and the District Clerk filed the letters in the Underlying Case. In none of these status letters does counsel state that his address has changed or that counsel requests that notices be sent to the Bering Drive Address. Marathon also points to these seven letters as evidence that the District Clerk had notice of Marathon's counsel's Bering Drive Address.
E. The Trial Court's Ruling
The trial court granted Cherry's summary-judgment motion without specifying any ground.
II. ISSUES AND ANALYSIS
On appeal, Marathon asserts two appellate issues: (1) the trial court erred in granting Cherry's summary-judgment motion because the summary-judgment evidence raised a genuine fact issue as to whether the District Clerk committed an official mistake in sending the DWOP Notice and the Rule 306a Notice to Marathon's counsel at the West Loop Address; and (2) the trial court erred in granting Cherry's summary-judgment motion because the summary-judgment evidence raised a genuine fact issue as to whether the District Clerk's official mistake was unmixed with any fault or negligence on Marathon's part.[2]
In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. M.D. Anderson Hosp. & Tumor Inst. v. Willrich , 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. Johnson v. Brewer & Pritchard, P.C. , 73 S.W.3d 193, 206-08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. Mack Trucks, Inc. v. Tamez , 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. Goodyear Tire & Rubber Co. v. Mayes , 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).
A. What bill-of-review elements are at issue in this appeal?
A bill of review is an independent, equitable proceeding brought by a *798 party to a previous action seeking to set aside a judgment in that action that is no longer subject to challenge by a motion for new trial or a direct appeal. Baker v. Goldsmith , 582 S.W.2d 404, 406 (Tex. 1979). Ordinarily, to be entitled to relief in an equitable-bill-of-review proceeding, the plaintiff must plead and prove that the petitioner has (1) a meritorious claim or defense, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part. See Valdez v. Hollenbeck , 465 S.W.3d 217, 226 (Tex. 2015). But, in various contexts, courts have held that an equitable-bill-of-review plaintiff need not prove all three of these elements. See Katy Venture v. Cremona Bistro Corp. , 469 S.W.3d 160, 163-64 (Tex. 2015) (per curiam); Grant v. Calligan , No. 14-15-01084-CV, 2017 WL 455731, at *2-3 (Tex. App.-Houston [14th Dist.] Feb. 2, 2017, no pet.) (mem. op.). For example, if an equitable-bill-of-review plaintiff proves (1) the plaintiff had no actual or constructive notice of the trial setting or the trial court's rendition of a post-answer default judgment against the plaintiff, within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not due to its fault or negligence, then the plaintiff need not prove either of the first two elements, and the plaintiff conclusively establishes the third element by proving these two elements. See Mabon Ltd. v. Afri-Carib Enter., Inc. , 369 S.W.3d 809, 812-13 (Tex. 2012) (per curiam).
In part of its reply brief, Marathon invokes the line of cases under which a lack of notice relieves the equitable-bill-of-review plaintiff of its obligation to prove the first two elements-a meritorious claim or defense and official mistake or the opposing party's fraud, accident, or wrongful act. If this line of cases were to apply, Marathon would not have to prove either of these two elements. See ids="7315886" index="10" url="https://cite.case.law/sw3d/369/809/#p812">id. Though Cherry did not assert a summary-judgment ground as to the meritorious-claim element, the trial court impliedly granted summary judgment based on the failure of the summary-judgment evidence to raise a genuine fact issue as to official mistake. See FM Props. Operating Co. , 22 S.W.3d at 872.
In Marathon's opening appellate brief, Marathon does not invoke the line of cases that Marathon cites in its reply brief, nor does Marathon assert a due-process violation. Marathon does not contend that it need not prove official mistake because Marathon had no actual or constructive notice of the Rule 165a hearing or the Dismissal Order within an adequate time to pursue alternative legal remedies and because the lack of notice was not due to Marathon's fault or negligence. In its opening brief, Marathon has not provided any argument, analysis, or citations to the record or legal authority in support of this proposition. Even construing Marathon's opening brief liberally, we cannot conclude that Marathon adequately briefed an argument under this line of cases that Marathon need not prove official mistake. See San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 337 (Tex. App.-Houston [14th Dist.] 2005, no pet.) ; Fox v. Alberto , 455 S.W.3d 659, 663, n.1 (Tex. App.-Houston [14th Dist.] 2014, pet. denied). Therefore, we find briefing waiver as to this argument.[3] See San Saba Energy, L.P. , 171 S.W.3d at 337 ; Fox , 455 S.W.3d at 663, n.1. Presuming that Marathon briefed this argument in its reply brief, Marathon may not avoid this waiver by briefing the argument for the first time in *799 its reply brief. See In re Guardianship of Whitt , 407 S.W.3d 495, 497 n.3 (Tex. App.-Houston [14th Dist.] 2013, no pet.).
Therefore, for the purposes of our analysis, Marathon shoulders the burden of proving in the trial court (1) a meritorious claim, (2) which Marathon was prevented from making by official mistake, (3) unmixed with any fault or negligence on Marathon's part.[4] See Valdez , 465 S.W.3d at 226. For the trial court to have erred in rendering judgment, the summary-judgment evidence must raise a genuine fact issue as to the second and third elements, as Marathon asserts in its opening brief. See ids="6857138" index="18" url="https://cite.case.law/sw3d/465/217/#p226">id.
B. Does any statute or rule establish how a trial court clerk should determine which address to use for notices under Rules 165a and 306a ?
This appeal raises a basic question as to whether any statute or rule tells a trial court clerk the address the clerk should use in sending notices under Rule 165a or 306a to counsel of record.
Rule 165a provides in pertinent part as follows:
1. Failure to Appear. A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket ... Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.
Tex. R. Civ. P. 165a. Rule 3.16 of the Local Rules of the District Courts for Galveston County, Texas contains similar language: "Notice of the Court's intention to dismiss [for want of prosecution] shall be sent by the Clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service." Local R. Dist. Cts. Galv. Cnty 3.16(C).
We review the trial court's interpretation of a rule of civil procedure de novo. See Johnson v. City of Fort Worth , 774 S.W.2d 653, 655-56 (Tex. 1989) ; Thomas v. Olympus/Nelson Prop. Mgmt. , 148 S.W.3d 395, 399 (Tex. App.-Houston [14th Dist.] 2004, no pet.). In construing a rule, our objective is to determine and give effect to the rule's intent. See Nat'l Liab. & Fire Ins. Co. v. Allen , 15 S.W.3d 525, 527 (Tex. 2000) ; Thomas , 148 S.W.3d at 399. If possible, we must ascertain that intent from the rule's language and not look to extraneous matters for an intent the rule does not state. See Nat'l Liab. & Fire Ins. Co. , 15 S.W.3d at 527 ; Thomas , 148 S.W.3d at 399. If the meaning of the rule's language is unambiguous, we adopt the interpretation supported by the plain meaning of the rule's words. St. Luke's Episcopal Hosp. v. Agbor , 952 S.W.2d 503, 505 (Tex. 1997) ; Thomas , 148 S.W.3d at 399. We must not engage in forced or *800 strained construction; instead, we must yield to the plain sense of the words used in the rule. St. Luke's Episcopal Hosp. , 952 S.W.2d at 505 ; Thomas , 148 S.W.3d at 399.
Under Rule 165a, notice of the court's intent to dismiss for want of prosecution and the date and place of the dismissal hearing shall be sent by the trial court clerk "to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service." Tex. R. Civ. P. 165a. See Jones v. Houston Police Dept. , No. 14-11-00756, 2013 WL 1188991, at *1 (Tex. App.-Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.). The parties have not cited and research has not revealed a case from the Supreme Court of Texas or this court construing this language in Rule 165a or the similar language in Local Rule 3.16. Under the plain meaning of this text, we conclude that the trial court clerk must send notice of the trial court's intention to dismiss to (1) each attorney of record, and (2) each party not represented by an attorney and whose address is shown on the docket or in the papers on file. See Tex. R. Civ. P. 165a ; Local R. Dist. Cts. Galv. Cnty 3.16(C). Neither Rule 165a nor Local Rule 3.16 mentions which address the trial court clerk should use when sending the notice to an attorney of record, and so neither rule provides guidance on this issue. See Tex. R. Civ. P. 165a ; Local R. Dist. Cts. Galv. Cnty 3.16(C).
Cherry relies upon Osterloh v. Ohio Decorative Products , a case the First Court of Appeals decided more than twenty-three years ago. See 881 S.W.2d 580, 581-82 (Tex. App.-Houston [1st Dist.] 1994, no writ). In Osterloh , the district court clerk sent the DWOP notice and the Rule 306a notice to the plaintiff's counsel of record at his address in the Harris County District Clerk's Register of Attorneys. Id. at 581. The form counsel had used to put this address in the Harris County Attorney Register stated that "[t]his information will be used for all official notices, including dismissal for want of prosecution and trial assignment." Id. at 582. Plaintiff's counsel had changed his address without updating the address in the Harris County Attorney Register. Id. at 581. Because the trial court clerk sent the DWOP notice and Rule 306a notice to the old address, the plaintiff's counsel did not receive the notice and was not aware of the dismissal hearing or the trial court's order dismissing the case for want of prosecution. Id. After the plaintiff sought an equitable bill of review, the trial court granted the defendants' summary-judgment motion. Id.
In concluding the summary-judgment evidence raised a fact issue as to official mistake unmixed with any fault or negligence of the plaintiff, the Osterloh court concluded that "[b]efore a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss and the date and place of the dismissal hearing to each attorney of record to the address shown on the docket or in the papers on file . Tex. R. Civ. P. 165a(1)." Osterloh , 881 S.W.2d at 581-82 (emphasis added). The Osterloh court concluded without explanation or analysis that Rule 165a requires the trial court clerk to send the DWOP notice to counsel of record at the address shown on the docket or in the papers in the court's file. See ids="10006781" index="37" url="https://cite.case.law/sw2d/881/580/#p581">id. Because the papers in the court's file reflected the attorney of record's correct address and because the Harris County Attorney Register is not on the docket or in the papers in the court's file, the Osterloh court determined that there was a fact issue as to official mistake unmixed with any fault or negligence of the plaintiff. See ids="10006781" index="38" url="https://cite.case.law/sw2d/881/580/#p581">id. The Osterloh court stated that Rule 165a *801 does not mention a register or list of attorneys' addresses and that no statutory or case authority authorizes the district court clerk to use any address for counsel of record other than the "address shown in the papers on file. " Id. at 582 (emphasis in original). The Osterloh court concluded that the trial court erred in finding no official mistake as a matter of law based on the district clerk's use of the address in the Harris County Attorney Register; instead, the Osterloh court found that the trial court clerk erred in using the address listed in the Harris County Attorney Register. Id. at 582.
Under the unambiguous text of Rule 165a, the rule does not impose any requirement that the trial court clerk send notice to counsel of record at the address shown in the papers on file. Tex. R. Civ. P. 165a. The rule offers no guidance as to the address to be used in sending notice to counsel of record. See ids="10006781" index="41" url="https://cite.case.law/sw2d/881/580/#p581">id. Because we do not find the Osterloh court's analysis persuasive, we respectfully decline to follow Osterloh and its progeny. See Osterloh , 881 S.W.2d at 581-82 ; Wolfe v. Grant Prideco, Inc. , 53 S.W.3d 771, 773-74 (Tex. App.-Houston [1st Dist.] 2001, pet. denied) (following Osterloh precedent).
Texas Rule of Civil Procedure 8, entitled "Attorney in Charge," specifies how the trial court clerk should determine who is the attorney in charge for a party, but Rule 8 does not speak to the address to be used in serving the attorney in charge. See Tex. R. Civ. P. 8 (stating that "On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party. All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.").
Texas Rule of Civil Procedure Rule 21a, entitled "Methods of Service," does not specify the address to which notice should be sent:
"Every notice required by these rules ... other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below: ... (2) Documents Not Filed Electronically. A document not filed electronically may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct."
Tex. R. Civ. P. 21a. When the trial court signs a final judgment or other appealable order, Rule 306a requires the trial court clerk to "immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed." Tex. R. Civ. P. 306a(3). This rule does not specify the address to which the clerk should send the Rule 306a notice. See ids="9490563" index="44" url="https://cite.case.law/sw3d/53/771/#p773">id.
Texas Civil Practice and Remedies Code section 30.015, entitled "Provision of Current Address of Party in Civil Action," requires each party who has appeared or answered in a civil action filed in a district court to *802 provide the court clerk with written notice of the party's name and current residence or business address. See Tex. Civ. Prac. & Rem. Code Ann § 30.015(a), (b) (West, Westlaw through 2017 1st C.S.). If the party's address changes during the course of a civil action, the party or the party's attorney must provide the court clerk with written notice of the party's new address. See Tex. Civ. Prac. & Rem. Code Ann § 30.015(d). Under its unambiguous language, this statute requires written notice of a party's address; it does not speak to notice of the address of a party's attorney or counsel of record. See Tex. Civ. Prac. & Rem. Code Ann § 30.015.
In Withrow v. Schou , this court concluded that "[i]t is implicit in Rule 8 that an attorney in charge is responsible for notifying the court and opposing counsel of any change in [the attorney's] address immediately and certainly before any address forwarding order has expired."[5] Withrow v. Schou , 13 S.W.3d 37, 41 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). The Withrow court concluded that an attorney in charge has a continuing duty to specify the address to which a notice of trial setting should be sent and to notify the court and opposing counsel of any change in address. See id. at 41-42. Nonetheless, the Withrow court did not conclude that any statute or rule tells a trial court clerk how to determine which address to use when giving notice to a counsel of record under Rule 165a or under Rule 306a. See ids="11451130" index="47" url="https://cite.case.law/sw3d/13/37/#p41">id.
Though the Withrow court concluded that the trial court clerk acted reasonably in mailing notice of the trial setting to appellant's counsel of record "at the last address given," the Withrow court did not specify how counsel had given that address. See ids="11451130" index="48" url="https://cite.case.law/sw3d/13/37/#p41">id. Nor did the Withrow court address whether simply filing a document in the case reflecting a different address for the counsel of record communicates to the trial court that future notices should be sent to that address. See ids="11451130" index="49" url="https://cite.case.law/sw3d/13/37/#p41">id. The Withrow court did not say that counsel of record must inform the trial court expressly that future notices should be sent to a specified new address. See ids="11451130" index="50" url="https://cite.case.law/sw3d/13/37/#p41">id. The Withrow court did not address whether a counsel of record could notify the trial court clerk in writing of counsel's new address by updating counsel's address in a county attorney register maintained by the trial court clerk. See ids="11451130" index="51" url="https://cite.case.law/sw3d/13/37/#p41">id.
In sum, the parties have not cited and research has not revealed any statute, rule, or binding precedent addressing how the trial court clerk should determine which address to use in sending notice to a counsel of record under Rule 165a or under Rule 306a.
C. Must a counsel of record have filed a notice of address change in the case before counsel may complain that the court clerk failed to send a notice to counsel's new address?
Cherry argues in part that the trial court clerk cannot commit an official mistake by sending notice regarding a case to a counsel of record's prior address unless counsel has filed *803 a notice of address change in that case. Though this bright-line rule would provide clarity and efficiency, it also would negate the ability of counsel to communicate a change of address by other means, for example by updating counsel's address in an attorney register, as Marathon's counsel of record did in the Underlying Case. Cherry cites no authority holding that a trial court clerk cannot commit an official mistake by sending notice regarding a case to a counsel of record's prior address unless counsel has filed a notice of address change in that case. As the above review shows, no statute or rule mentions-much less mandates-the practice of filing a notice of address change in an individual case. Given the silence of the statutes and rules as to how the trial court clerk should determine which address to use in sending notice to a counsel of record under Rule 165a or under Rule 306a, we conclude that there is no legal basis in the current procedural rules for imposing this bright-line requirement. See Tex. R. Civ. P. 8, 21a, 165a, 306a.
The people of Texas have given the Supreme Court of Texas the responsibility of promulgating rules of civil procedure not inconsistent with the laws of Texas as may be necessary for the efficient and uniform administration of justice. See Tex. Const. art. V, § 31 (b). As a court of appeals we must interpret and apply the rules of civil procedure, but we should not usurp the high court's rule-making authority by amending or revising the rules of civil procedure through an appellate opinion. See Tex. Const. art. V, § 31 (b); State Dep't of Highways & Pub. Transp. v. Payne , 838 S.W.2d 235, 241 (Tex. 1992) ("[W]e do not revise our rules by opinion."). Under the unambiguous wording of the current rules, there is no bright-line rule that a trial court clerk cannot commit an official mistake by sending notice regarding a case to a counsel of record's prior address unless counsel has filed a document in that case giving notice that counsel's address had changed. See Tex. R. Civ. P. 8, 21a, 165a, 306a.
D. Are trial court clerks precluded from using attorney registers as an administrative convenience in determining the address the clerk should use in sending notices?
Given the lack of guidance from statutes or rules as to how the trial court clerk should determine which address to use in sending notice to a counsel of record under Rule 165a or under Rule 306a, it is understandable that court clerks might want to adopt some administrative tool to keep track of the proper address to use in sending notices to counsel of record. Case law shows that court clerks in Harris County and Bexar County maintain attorney registers containing the names and addresses of attorneys for use by the clerk in sending notices. See Texas Sting, Ltd. v. R.B. Foods, Inc. , 82 S.W.3d 644, 649 (Tex. App.-San Antonio 2002, pet. denied) ; Wolfe , 53 S.W.3d at 773-74. Under the applicable standard of review, the summary-judgment evidence,[6] including the affidavits of Monica Gracia and Jennifer Parker, raises a genuine fact issue as to whether in 2010 Marathon's counsel changed his address on the Galveston County Attorney Register to the Bering Drive Address.[7] The parties have not cited and research has not revealed any constitutional provision, statute, or rule referring to such attorney registers. These registers, which appear to have emerged by custom or convention, serve as an administrative convenience.[8]
*804 Cherry relies on cases in which the First Court of Appeals held that the trial court clerk committed an official mistake by sending a notice under Rule 165a to counsel of record at the address for counsel shown on the Harris County attorney register. See Wolfe , 53 S.W.3d at 773-74 ; Osterloh , 881 S.W.2d at 581-82. In these cases, our sister court determined that the trial court clerk erred in using the address in the attorney register because Rule 165a requires that notices be sent to the address shown on the docket or in the papers on file. See Wolfe , 53 S.W.3d at 773-74 ; Osterloh , 881 S.W.2d at 581-82. As explained above, we reach a different interpretation: Rule 165a does not impose this requirement. See Tex. R. Civ. P. 165a. We conclude that trial court clerks may properly utilize attorney registers as an administrative convenience and that the use of an attorney register to determine the address to which a notice should be sent does not, by itself, amount to an official mistake. See Tex. R. Civ. P. 8, 21a, 165a, 306a.
E. Does the summary-judgment evidence raise a fact issue as to whether the District Clerk committed an official mistake by failing to send the DWOP Notice and the Rule 306a Notice to the registry address?
Under its first issue Marathon argues that the summary-judgment evidence raises a genuine issue of material fact as to whether the District Clerk made an official mistake by sending the DWOP Notice and the Rule 306a Notice to Marathon's counsel of record at the West Loop Address rather than at the Bering Drive Address. An "official mistake" for bill-of-review purposes occurs when the judgment in the underlying case resulted from the bill-of-review plaintiff's "reliance on a court officer who improperly execute[d] [the court officer's] official duties." Transworld Fin. Servs. Corp. v. Briscoe , 722 S.W.2d 407, 408 (Tex. 1987).
As discussed above, the summary-judgment evidence raises a genuine fact issue as to whether Marathon's counsel changed his address on the Galveston County Attorney Register to the Bering Drive Address in 2010, and thus as to whether this register reflected the Bering Drive Address as Marathon's counsel's address when the District Clerk mailed the DWOP Notice and the Rule 306a Notice. In addition, the summary-judgment evidence raises a genuine fact issue as to whether the last seven items sent by Marathon and filed in the Underlying Case before the District Clerk sent the notices showed the correct address for Marathon's counsel of record.
Cherry argues that these letters are no evidence that Marathon informed the clerk and other parties of Marathon's desire to receive notices at the Bering Drive Address. Cherry points to four considerations to support its argument. First, Cherry notes that attached to the first two letters are copies of a letter previously sent to Marathon's counsel's law firm at the West Loop Address. Although this observation is correct, the letterhead on the letter to the trial court reflected the Bering Drive Address. In addition, the five letters to the trial court that followed do not reflect any other address and four of them show the Bering Drive Address in both the letterhead and as the sole address reflected on the fax coversheet.
*805 Second, Cherry notes that in none of these letters did Marathon or its counsel ask the trial court or the District Clerk to use the Bering Drive Address. By updating the address in the Galveston County Attorney Register, Marathon's counsel effectively asked the District Clerk to use the Bering Drive Address. Though the failure to ask the trial court or the District Clerk to use the Bering Drive Address in the seven letters is worthy of consideration, this failure does not strip these letters of all probative value. As discussed above, under the unambiguous language of the current rules of civil procedure, Marathon's counsel was not required to file a notice of address change in the Underlying Case to give notice that counsel's address had changed.
Third, Cherry asserts that the record contains no evidence that any of the seven letters were sent to any of the parties or their counsel and that the letters appear to have been sent only to the trial court. Cherry argues that Marathon's counsel failed to discharge his duty under the Withrow case to notify opposing counsel of any change in his address. Presuming for the sake of argument that Marathon's counsel sent these letters only to the trial court and failed to discharge his duty to notify opposing counsel of his address change, this failure does not mean that the seven letters are not some evidence that the recent items in the court's file from Marathon's counsel show the Bering Drive Address.
Cherry also asserts that it is not uncommon for law firms to have multiple offices and for a particular lawyer to practice from more than one office. Though many law firms have offices in multiple locations, it would be uncommon for a law firm to have two different offices in the same city. In addition, it is not uncommon for a law firm's letterhead and fax coversheet to reflect any other offices of the law firm, and the letterhead and fax sheets sent to the trial court reflect only one office.
Cherry asserts that no Texas appellate court has ever held that a trial court clerk committed an official mistake when there were multiple addresses in the case file and counsel never gave notice that one address should be used instead of another. But, the summary-judgment evidence raises a genuine issue as to whether Marathon's counsel gave notice to the District Clerk that the Bering Drive Address should be used instead of the West Loop Address when counsel updated his address in the Galveston County Attorney Register.
Cherry cites Texas Sting, Ltd. v. R.B. Foods, Inc ., but this case is not on point because (1) the case did not involve an equitable bill of review or an issue of official mistake, and (2) the case involved a situation in which all addresses in the court's file showed the current address for counsel of record but the clerk sent the notice under Rule 165a to counsel at the address listed in the attorney register, which was not counsel's current address. See Texas Sting, Ltd. , 82 S.W.3d at 648-52. Cherry also relies upon General Motors Acceptance Corporation v. City of Houston . See 857 S.W.2d 731, 732-34 (Tex. App.-Houston [14th Dist.] 1993, no writ). This case is not on point because (1) the case did not involve an equitable bill of review, an issue of official mistake, or the use of an attorney register; and (2) the trial court clerk sent the notices to an incomplete version of counsel's address rather than to counsel's prior address. See id.
In the case under review, we need not and do not determine whether the evidence of the seven letters alone raises a genuine fact issue as to official mistake. Likewise, we need not determine whether *806 the evidence of the updated address in the Galveston County Attorney Register, by itself, raises a fact issue on official mistake. Nor need we decide whether there is a fact issue on official mistake if the recent documents in the file have an address different from the address in the attorney register. Rather, we must determine whether all the summary-judgment evidence raises a genuine fact issue, including the evidence of the seven letters and the updated register address. The parties have not cited and research has not revealed a Texas case addressing this issue with this fact pattern.
Both the recent documents in the court's file and the updated address in the Galveston County Attorney Register showed that Marathon's counsel's address was the Bering Drive Address rather than the West Loop Address. Under the applicable standard of review, we conclude that the summary-judgment evidence raises a genuine fact issue as to whether the District Clerk committed an official mistake by sending the DWOP Notice and the Rule 306a Notice to Marathon's counsel at the West Loop Address rather than at the Bering Drive Address.[9] See Cannon v. TJ Burdett & Sons Recycling , No. 01-08-00380-CV, 2009 WL 276797, at *5-6 (Tex. App.-Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.); Nitzsche v. Teams of Tex. , No. 14-05-00876-CV, 2007 WL 925803, at *2-3 (Tex. App.-Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op.).
The trial court erred in granting summary judgment on the grounds that (1) there is no evidence of fraud, accident, or a wrongful act by Cherry or of official mistake and (2) the summary-judgment evidence proves as a matter of law that there was no official mistake nor was there any fraud, accident, or wrongful act by Cherry. See Cannon , 2009 WL 276797, at *5-6 ; Nitzsche , 2007 WL 925803, at *2-3. Thus, we sustain Marathon's first issue.
F. Does the summary-judgment evidence raise a fact issue as to whether the alleged official mistake by the District Clerk was unmixed with any fault or negligence on Marathon's part?
Under its second issue Marathon argues that the summary-judgment evidence raises a fact issue as to whether the District Clerk's official mistake in sending the notices to the West Loop Address prevented Marathon from pursuing its indemnity claim unmixed with any fault or negligence on Marathon's part. As discussed above, Marathon's counsel was not required to file a notice of address change in the Underlying Case to give notice that counsel's address had changed. Nonetheless, Marathon's counsel could have but *807 did not file a change-of-address notice in the Underlying Case requesting that all notices be sent to the Bering Drive Address. The summary-judgment evidence raises a genuine fact issue as to whether Marathon's counsel gave notice to the District Clerk that the Bering Drive Address should be used instead of the West Loop Address when counsel updated his address in the Galveston County Attorney Register in 2010. The summary-judgment evidence also raises a genuine fact issue as to whether the last seven items sent by Marathon and filed in the Underlying Case before the District Clerk sent the notices showed the correct address for Marathon's counsel of record.
Cherry argues on appeal that Marathon had constructive notice that inactivity in a long-pending case can result in a dismissal for want of prosecution and that Marathon had actual notice that long periods of inactivity would result in dismissal of its case for want of prosecution. Presuming that Marathon had notice of these two matters, that notice does not show fault or negligence by Marathon that combined with the District Clerk's official mistake to prevent Marathon from pursuing its allegedly meritorious indemnity claim. See Katy Venture , 469 S.W.3d at 164 ; Valdez , 465 S.W.3d at 226.
Cherry asserts that, although the trial court requested that Marathon's counsel provide periodic updates in the Underlying Case, Marathon's counsel provided no update from September 2013 through September 2015. Therefore, Cherry argues, there is no genuine fact issue as to whether the trial court's dismissal for want of prosecution was unmixed with Marathon's fault or negligence. Evidence that Marathon's counsel failed to file an update with the trial court for two years does not nullify the summary-judgment evidence of the updated address in the Galveston County Attorney Register and the seven update letters with the Bering Drive Address. See Katy Venture , 469 S.W.3d at 164. Nor does this two-year gap in the update letters conclusively prove that Marathon's fault or negligence combined with the District Clerk's official mistake to prevent Marathon from pursuing its allegedly meritorious indemnity claim. See ids="6839482" index="70" url="https://cite.case.law/sw3d/469/160/#p163">id.
Cherry cites several cases that are not on point. See Saint v. Bledsoe , 416 S.W.3d 98, 101-06 (Tex. App.-San Antonio 2013, no pet.) (involving bill-of-review plaintiff's appeal from adverse judgment following trial on the petition for equitable bill of review in a case that did not involve the use of an attorney register); Swift v. Starlite Recovery Center , No. 04-08-00350-CV, 2008 WL 5082987, at *1-2 (Tex. App.-San Antonio Dec. 3, 2008, no pet.) (mem. op.) (involving bill-of-review plaintiff's appeal from adverse judgment following trial on the petition for equitable bill of review in a case that did not involve the use of an attorney register); Hernandez v. Koch Machinery Co. , 16 S.W.3d 48, 57-59 (Tex. App.-Houston [1st Dist.] 2000, pet. denied) (involving review of summary judgment in favor of bill-of-review plaintiff in a case that did not involve the use of an attorney register and in which the plaintiff complained that the trial court clerk failed to send notice to an attorney not listed as attorney of record).
Under the applicable standard of review, we conclude that the summary-judgment evidence raises a genuine fact issue as to whether the District Clerk's alleged official mistake prevented Marathon from pursuing its indemnity claim unmixed with any fault or negligence on Marathon's part. See Cannon , 2009 WL 276797, at *5-6 ; Manley v. Manley , No. 07-05-0139-CV, 2005 WL 3465681, at *2-3 (Tex. App.-Amarillo Dec. 16, 2005, no pet.) (mem. op.). The trial court erred in granting summary judgment *808 on the grounds that (1) there is no evidence that the trial court's 2015 dismissal of the Underlying Case was unmixed any fault or negligence on Marathon's part and (2) the summary-judgment evidence proves as a matter of law that the trial court's 2015 dismissal of the Underlying Case was mixed with fault or negligence on Marathon's part. See Cannon , 2009 WL 276797, at *5-6 ; Manley , 2005 WL 3465681, at *2-3. Thus, we sustain Marathon's second issue.
III. CONCLUSION
The parties have not cited and research has not revealed any statute, rule, or binding precedent addressing how the trial court clerk should determine which address to use in sending notice to a counsel of record under Rule 165a or under Rule 306a. Under the unambiguous language of the current rules, there is no bright-line rule that a trial court clerk cannot commit an official mistake by sending notice regarding a case to a counsel of record's prior address unless counsel has filed a document in that case giving notice that counsel's address had changed. Trial court clerks may properly utilize attorney registers as an administrative convenience, and the use of an attorney register to determine the address to which a notice should be sent is not, by itself, an official mistake.
Under the applicable standard of review, we conclude that the summary-judgment evidence raises a genuine fact issue as to whether (1) the District Clerk committed an official mistake by sending the DWOP Notice and the Rule 306a Notice to Marathon's counsel at the West Loop Address rather than at the Bering Drive Address; and (2) this alleged official mistake prevented Marathon from pursuing its indemnity claim unmixed with any fault or negligence on Marathon's part. Thus, the trial court erred in granting Cherry's summary-judgment motion.[10] We reverse the trial court's judgment and remand for further proceedings.[11]

This section I.A. recites various allegations from Marathon's live petition for equitable bill of review. To dispose of this appeal we need not and do not decide whether these allegations are accurate.

Marathon filed a cross-motion for partial summary judgment. The trial court did not expressly rule on the cross-motion, and Marathon does not assert any appellate complaint concerning the cross-motion.

This finding does not foreclose Marathon from raising this argument on remand.

Marathon does not assert that an opposing party's fraud, accident, or wrongful act prevented Marathon from making its claim.

The Withrow court also concluded that because Texas Rule of Civil Procedure 21a specifies that notices be sent to the party's last known address, Rule 21a imposes a responsibility on the person to be notified to keep the court and parties apprised of the person's current address. See Withrow , 13 S.W.3d at 41. The current version of Rule 21a does not specify that notices be sent to the party's last known address. See Tex. R. Civ. P. 21a.

Marathon attached as Appendix C to its opening brief a document that is not in our appellate record. Cherry has objected to this court considering this document. Because this document is not in the appellate record or part of the summary-judgment evidence, we do not consider this document in deciding whether the summary-judgment evidence raised a genuine fact issue. See In re C.C.E. , 530 S.W.3d 314, 317, n.1 (Tex. App.-Houston [14th Dist.] 2017, no pet.).

At oral argument on appeal, Cherry's counsel stated that he did not dispute that Marathon's counsel changed his information on the attorney register with the District Clerk.

Although Marathon asserted at oral argument that the Local Rules of the District Courts for Galveston County, Texas refer to the use of the Galveston County Attorney Register, the parties have not cited any provision of these rules that does so, and we have not found any reference to the Galveston County Attorney Register in these local rules. See Local R. Dist. Cts. Galv. Cnty 1.10, et seq.

In Marathon's opening appellate brief, the only official mistake Marathon identifies is the District Clerk's use of the outdated, incorrect West Loop Address when the Galveston County Attorney Register showed that the District Clerk had notice of counsel's new Bering Drive Address and a review of the case file would have showed the correct, current Bering Drive address. At oral argument, Marathon asserted two other purported official mistakes: (1) the District Clerk's alleged failure to send any DWOP Notice or Rule 306a Notice to Marathon's counsel at any address; and (2) the trial court's dismissal of the Underlying Case for want of prosecution when the Underlying Case still was stayed because of the Frontier receivership. Even construing Marathon's opening brief liberally, we cannot conclude that Marathon adequately briefed an argument that the summary-judgment evidence raised a genuine issue of material fact as to either of these alleged official mistakes asserted at oral argument. See San Saba Energy, L.P. , 171 S.W.3d at 337 ; Fox , 455 S.W.3d at 663, n.1. Therefore, we find briefing waiver. See San Saba Energy, L.P. , 171 S.W.3d at 337 ; Fox , 455 S.W.3d at 663, n.1. This finding does not foreclose Marathon from asserting these purported mistakes on remand.

Nothing in this opinion prevents Marathon from arguing on remand that it need not prove each of the ordinary three elements for an equitable bill of review.

To the extent that Marathon argues on appeal that the trial court erred in granting summary judgment based on the no-evidence grounds because an adequate time for discovery had not yet passed, we need not and do not address this argument because we are reversing and remanding based on these fact issues. See Tex. R. Civ. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial").