

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00469-CV

Ericka B. **FISCHER**,
Appellant

v.

**TALAVERA LUXURY APARTMENTS, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV02554
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Irene Rios, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: July 2, 2025

VACATED; ABATED AND REMANDED

This case presents the sole issue of whether a motion for new trial may be filed and considered in an eviction case that has been appealed to the county court from a justice court. Because we hold that Texas Rule of Civil Procedure 510.8(e) does not preclude the filing or consideration of a motion for new trial in a county court, we vacate the trial court's order and remand to the trial court to consider the merits of the motion.

**FACTS**

On March 5, 2024, the justice court granted Talavera Luxury Apartments, LLC a default judgment against Ericka Fischer for possession of an apartment located at 114 Talavera Parkway in San Antonio and awarded Talavera $8,525.00 in unpaid rent, as well as $164 in court costs. Fischer appealed to county court and her landlord, Talavera Luxury Apartments, LLC, set the matter for hearing. Because Fischer again did not appear in county court, the county court entered a default judgment against her, confirming the original judgment and further awarding Talavera $1,250 in attorney's fees.

Fischer filed a pro se motion for new trial on April 22, 2024. On May 30, 2024, an "Amended Motion to [S]et Aside Default Judgment and Grant New Trial" was filed by counsel on her behalf. Both motions provide proof that the notice of hearing presented by counsel for Talavera was not delivered.[1] Talavera urged in its post-trial brief that the motion for new trial should be denied because (a) she filed her original motion for new trial in the wrong cause number; (b) the amended motion was filed after thirty days had elapsed from the original judgment; and (c) Texas Rule of Civil Procedure 510.8(e) precludes motions for new trial in eviction proceedings.

After a hearing, the trial court entered an order on June 21, 2024 denying Fischer's motion for new trial. The court found the motion was timely filed but denied the motion pursuant to Texas Rule of Civil Procedure 510.8(e) which purports to bar motions for new trial in eviction proceedings. Fischer appealed, contending in her sole point of error that the trial court erred by refusing to consider her motion for new trial.[2]

---

[1] Talavera's counsel represented two letters were sent to Fischer—a certified letter and one by first-class mail. The tracking information for the letter sent by first-class mail shows it was still in transit at the time of the hearing. The certified letter receipt includes a yellow sticker that states it was returned to sender.

[2] Talavera contends Fischer failed to preserve her arguments regarding Texas Rule of Civil Procedure 510.8(e). However, Talavera is the party who presented the issue to the trial court, ensured the trial court ruled upon it, and benefitted by the trial court's finding that Rule 510.8(e) bars the filing of a motion for new trial. The issue is therefore properly before this court. *See* TEX. R. APP. P. 33.1.

## STANDARD OF REVIEW

Talavera contends that the appropriate standard of review is abuse of discretion. However, because the issue requires us to construe the meaning of a rule promulgated by the Texas Supreme Court, the issue is a question of law, and the standard of review is de novo. *Marathon Petroleum Company LP v. Cherry Moving Company, Inc.*, 550 S.W.3d 791, 799 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In construing a rule of the Texas Rules of Civil Procedure, "our objective is to determine and give effect to the rule's intent." *Id.* (citing *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000)). We will seek to understand that intent from the plain meaning of the language used in the rules. *Id.*; *see St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

## ANALYSIS

Texas Rules of Civil Procedure Part V, Rules 500-510 are entitled "Rules of Practice in Justice Courts." They were promulgated by the Texas Supreme Court in 2013[3] in accordance with legislative action amending Texas Government Code section 27.060 which abolished the small claims court system and transferred such matters to justice courts. Texas Rule of Civil Procedure 500.3(d) makes it clear that Part V applies to eviction cases.

> An eviction case is a lawsuit brought to recover possession of real property under Chapter 24 of the Texas Property Code, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $20,000, excluding statutory interest and court costs but including attorney fees, if any. Eviction cases are governed by Rules 500–507 and 510 of Part V of the Rules of Civil Procedure. To the extent of any conflict between Rule 510 and the rest of Part V, Rule 510 applies.

TEX. R. CIV. P. 500.3(d). Rule 510 governs eviction cases. *See generally* TEX. R. CIV. P. 510.1–510.13. Rule 510.1 specifically provides it "applies to a lawsuit to recover possession of real

---

[3] *See* Final Approval of Rules for Justice Court Cases, Misc. Docket No. 13-9049 (Tex. 2013), *available at* https://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/13/13904900.pdf (last visited June 6, 2025).

property under Chapter 24 of the Texas Property Code." TEX. R. CIV. P. 510.1. At issue here is the wording of Rule 510.8(e): "No motion for new trial may be filed" in an eviction proceeding. TEX. R. CIV. P. 510.8(e). Because Fischer filed a motion for new trial in the *county* court, the question is whether Rule 510.8(e) only bars motions for new trial in the justice court or whether it also bars the filing of such motions after it is appealed to the county court. *See id.*

Although subsection (e) of Rule 510.8, by itself, does not specifically refer to either justice court or county court, we must look to Rule 510.8 as a whole, and even the larger context of Rule 510, when construing only a part of it. *See Simulis, L.L.C. v. G.E. Capital Corp.*, 276 S.W.3d 109, 113–14 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("We should thus read rules of civil procedure in their context and as a whole."); *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 19 (Tex. 2007) ("In determining [a statute's] meaning, we must also consider the statute as a whole and construe it in a manner which harmonizes all of its various provisions.").

Rule 510 is divided into 13 parts. *See* TEX. R. CIV. P. 510.1–510.13. Rules 510.6–510.8 address proceedings in the justice court while Rules 510.9-510.13 specifically refer to proceedings on appeal to the county court. This reading makes it clear that Rule 510.8(e) applies specifically to the proceedings in justice court. And, nowhere in the subsequent sections relating to proceedings in the county court is the language barring motions for new trial repeated. *See* TEX. R. CIV. P. 510.9-510.13.

In addition, Rule 510.9 and 510.12, focusing on the county court proceedings, address judgment by default. *See* TEX. R. CIV. P. 510.9 and 510.12. Rule 510.12 sets out when a default judgment may be taken in county court. TEX. R. CIV. P. 510.12. Rule 510.9(e) states "[n]o judgment may be taken by default judgment against the adverse party in the court to which the case has been appealed without first showing substantial compliance with this rule." TEX. R. CIV. P. 510.9(e). But the proper vehicle to show a failure to comply with the rule, or to otherwise provide evidence that

a default judgment was improperly procured, is by motion for new trial. *See Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (recognizing motion for new trial as necessary to present evidence to challenge default judgment); *see also* TEX. R. CIV. P. 324.

In fact, our sister court of appeals in Houston has held that a resident, who was evicted in justice court and then suffered default judgment on appeal to the county court, failed to preserve error relating to the entry of the default judgment by failing to file a motion for new trial. *See Ford v. Skyline Mobile Home Estates*, No. 02-22-00244-CV, 2023 WL 3749890, at *2–3 (Tex. App.—Fort Worth June 1, 2023, no pet.) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)); *see also In re Chen*, No. 08-24-00329-CV, 2024 WL 5131947, at *1–3 (Tex. App.—El Paso Dec. 16, 2024, orig. proceeding) (denying mandamus relief to evicted party that filed motion for new trial after suffering default judgment in county court because relator had adequate remedy by appeal); *Venzor v. AMG BT Note One LLC*, No. 08-19-00007-CV, 2020 WL 4915590, at *2 (Tex. App.—El Paso Aug. 21, 2020, pet. denied) (referencing motion for new trial in appeal from eviction proceeding); *Tillman v. Lake Pointe Owners Group, Inc.*, No. 07-19-00385-CV, 2020 WL 6253238, at *2–3 (Tex. App.—Amarillo, no pet.) (same).

Reading Rule 510.8(e) as applying to bar a motion for new trial in justice courts, and not county courts, makes sense. A forcible detainer action "is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)) (internal quotation marks omitted). Thus, barring a motion for new trial in the justice court and requiring the parties to immediately move to an appeal in the county court furthers the goals of "speedy, simple, and inexpensive," particularly given the county court is charged with the providing a de novo trial. *Coinmach*, 417 S.W.3d at 919; *see* TEX. R. CIV. P. 506.3 (stating "case must be tried de novo in county court", meaning: "[a] trial de novo

is a new trial in which the entire case is presented as if there had been no previous trial."); TEX. R. CIV. P. 510.10(c) ("The trial, as well as any hearings and motions, is entitled to precedence in the county court.").

Because Rule 510.8 is within that part of Rule 510 that specifically relates to the proceedings in the justice court and because Rules 510.9–.13 do not repeat the language barring motions for new trial when addressing the proceedings in county court, and because construing Rule 510.8(e) in the manner advanced by Talavera would effectively bar a defaulting party from demonstrating that the default judgment was improperly entered, we interpret Rule 510.8(e) to bar motions for new trial only in justice court. For that reason, we hold the trial court should have considered the motion for new trial filed by Fischer.

## REMEDY

Rule 44.4 of the Texas Rules of Appellate Procedure entitled "Remediable Error of the Trial Court" provides:

> (a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
>> (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>>
>> (2) the trial court can correct its action or failure to act.
>
> (b) Court of Appeals Direction if Error Remediable. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4. In this case, the trial court's error denying the motion for new trial filed by Fischer based on Rule 510.8(e)'s language barring the filing and consideration of the motion is remediable by abating the appeal and instructing the trial court to enter an order on the motion for new trial. *See Villa Dijon Condo. Ass'n, Inc. v. Winters*, No. 04-15-00342-CV, 2016 WL 4626241, at *4 (Tex. App.—San Antonio Sept. 7, 2016, no pet.), *opinion withdrawn and superseded after trial court granted mot. to dismiss*, No. 04-15-00342-CV, 2016 WL 5795218 (Tex. App.—San

Antonio Oct. 5, 2016, no pet.) (citing cases). If the trial court grants the motion for new trial, this appeal will be dismissed. If the trial court denies the motion, the record will be supplemented, and the parties will be permitted to supplement their briefs to address the trial court's ruling.

## CONCLUSION

The county court erred in denying the motion for new trial filed by Fischer based on Rule 510.8(e)'s language barring consideration of the motion in justice courts. The trial court's error, however, is remediable. Therefore, we vacate the trial court's order, abate the appeal, remand the cause, and instruct the trial court to enter an order addressing the motion for new trial on its merits.

Lori Massey Brissette, Justice