**Affirmed and Memorandum Opinion filed March 12, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00760-CV

---

## WEST EXCHANGE, INC. AND JOHN DAVID COOPER, Appellants

### V.

## GLENN HEGAR, AS COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS; TEXAS COMPTROLLER OF PUBLIC ACCOUNTS; AND ATTORNEY GENERAL OF THE STATE OF TEXAS, Appellees

---

**On Appeal from the 250th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-20-002549**

---

## MEMORANDUM OPINION

Two taxpayers appeal the dismissal of claims they brought against the Texas Comptroller of Public Accounts and the Attorney General of the State of Texas, challenging assessments for mixed beverage gross receipts tax and mixed beverage sales tax. As to the claims whose dismissal the taxpayers challenge, we conclude that the defendants' sovereign immunity has not been waived and that the trial court lacked subject matter jurisdiction over the claims. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff West Exchange, Inc. owned and operated a dive bar[1] in the Fort Worth Stockyards in Fort Worth, Texas from August 13, 2013, through February 29, 2016. Appellant/plaintiff John David Cooper acquired ownership of West Exchange on or about October 12, 2015.

According to West Exchange and Cooper (collectively the "Taxpayers") on March 6, 2017, the Texas Comptroller of Public Accounts ("Comptroller") began to audit West Exchange pertaining to West Exchange's mixed beverage gross receipts tax ("Gross Receipts Tax") for August 1, 2013, through February 29, 2016, and to West Exchange's mixed beverage sales tax ("Beverage Sales Tax") for January 1, 2014, through February 29, 2016 (collectively the "Audit Periods"). Shortly after it initiated its audit of West Exchange, the Comptroller sent Cooper a "Management Questionnaire" and requested West Exchange to produce certain business records. According to the Taxpayers, Cooper, on behalf of West Exchange, answered the Management Questionnaire to the best of his ability and informed the Comptroller's auditor that he was unable to supply the requested business records because West Exchange's former manager had them and West Exchange was unable to obtain the records from the manager after her employment was terminated. The Taxpayers contend that in the audit, instead of using Cooper's responses from the Management Questionnaire, the Comptroller's auditor claimed to rely upon information derived from online and social-media posts that allegedly contained information about West Exchange's prices for various beverages and "Happy Hour" specials.

The Taxpayers allege that the Comptroller's auditor also relied upon a

---

[1] According to Dictionary.com, "dive bar" is a slang term meaning "a dingy, disreputable, or seedy bar or tavern." *See Dive bar*, Dictionary.com, https://www.dictionary.com/browse/dive-bar (last visited Mar. 5, 2024). The appellants themselves use this term to refer to the bar in question.

presumption of a 1.25-ounce average pour for liquor to estimate the mixed beverage taxes in the absence of sufficient supporting documentation or evidence, as outlined in title 34, section 3.1001 of the Texas Administrative Code (the "1.25 Ounce Rule") to complete the depletion analysis. The auditor allegedly used the results from its depletion analysis to calculate the overall error rates for the Comptroller's Gross Receipts Tax audit and the Beverage Sales Tax audit of West Exchange. The alleged overall error rate for the Gross Receipts Tax audit was 29.25%, and the alleged overall error rate for the Beverage Sales Tax audit was 45.03%. Both assessments included tax, a 10% late penalty, an additional 50% penalty, and interest. The Taxpayers contend that the additional penalty was assessed based on the overall audit error rates and the Taxpayers' inability to provide the requested business records for the audit.

The Taxpayers claim that despite being aware of Cooper's lack of ownership of West Exchange until the final few months of the Audit Periods as well as his lack of involvement in and awareness of West Exchange's day-to-day operations, the Comptroller's auditor assessed a 50% penalty against Cooper personally based on the lack of business records produced in response to the auditor's request. Based on the results of the auditor's audit, the Taxpayers contend that the Comptroller assessed the Taxpayers approximately $264,721 in taxes, penalties, and interest.

Because West Exchange did not file a franchise tax return for 2016, the Comptroller forfeited West Exchange's right to transact business effective September 23, 2016, and the Secretary of State forfeited West Exchange's corporate charter on January 27, 2017. West Exchange's right to transact business and corporate charter have not been reinstated.

On May 7, 2020, the Taxpayers filed suit in the trial court below against appellees/defendants Glenn Hegar, as the Comptroller of Public Accounts for the

State of Texas, the Texas Comptroller of Public Accounts, and the Attorney General of the State of Texas (collectively the "Comptroller Parties"). In their live pleading the Taxpayers asserted various claims for declaratory and injunctive relief including protest claims under Tax Code section 112.051 and injunction claims under Tax Code section 112.101.[2] The Taxpayers sought, among other things, (1) injunctive relief to prohibit the assessment or collection of taxes, fees, penalties, interest, and all other charges assessed against them by the Comptroller (collectively the "Assessments"); and (2) a judgment declaring the Assessments against them to be void and unenforceable. The State of Texas, on behalf of the Comptroller, by and through the Office of the Attorney General of Texas, filed a separate suit against the Taxpayers in the 455th District Court of Travis County seeking to collect Gross Receipts Tax, Beverage Sales Tax, penalties, interest, and additional interest (the "Collection Suit").

The Comptroller Parties filed "Defendants' Traditional Motion for Summary Judgment" ("Summary Judgment Motion") and "Defendants' Amended Partial Plea to the Jurisdiction" ("Jurisdictional Plea"). The Taxpayers filed no response to the Summary Judgment Motion or to the Jurisdictional Plea. The trial court signed

---

[2] The Taxpayers sued under the versions of these statutes in effect immediately prior to September 1, 2021. *See* Tex. Tax Code Ann. § 112.051 (West, Westlaw through 2019 R.S.); Act of May 19, 1989, 71st Leg., R.S., ch. 232, § 9, 1989 Tex. Gen. Laws 1070, 1072–73 (amended 1993 & 1997) (formerly codified at Tex. Tax Code § 112.101). The Texas Legislature repealed section 112.101 and significantly revised the statutory scheme relating to taxpayers' suits effective September 1, 2021. *See* Act of May 24, 2021, 87th Leg., R.S., ch. 331, § 11, 2021 Tex. Sess. Law Serv. 682, 685. The Act expressly provides, "The changes in law made by this Act apply only to a suit to dispute an amount of tax, penalty, or interest that becomes due and payable on or after [September 1, 2021]. A suit to dispute an amount of tax, penalty, or interest that became due and payable before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose." *Id.* § 12. Thus, the version of chapter 112 in effect immediately prior to September 1, 2021 applies to today's case. *See id.*; *CoTechno Group, Inc. v. Hegar*, No. 03-21-00327-CV, 2023 WL 3666108, at *1, n.1 (Tex. App.—Austin May 26, 2023, no pet.) (mem. op.). We analyze and apply this version of chapter 112, and we make no comment on the current version of the statute.

a final judgment in which it granted the Jurisdictional Plea, granted the Summary Judgment Motion, and dismissed all of the Taxpayers' claims. The trial court stated with unmistakable clarity that the judgment was final. The trial court later denied the Taxpayers' motion for new trial. The Taxpayers timely perfected this appeal from the trial court's final judgment. The Supreme Court of Texas ordered this case transferred from the Third Court of Appeals to this court.[3]

## II. ISSUES AND ANALYSIS

In their first issue the Taxpayers ask whether the trial court erred in granting the Summary Judgment Motion. In their second issue the Taxpayers ask whether the trial court erred in granting the Jurisdictional Plea. In filing a plea to the jurisdiction, the Comptroller Parties challenged the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction is a question of law, we conduct a de novo review of the trial court's granting of the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In the Jurisdictional Plea, the Comptroller Parties challenged the existence of jurisdictional facts; therefore, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* If the evidence creates a fact question regarding the jurisdictional issue, then the Jurisdictional Plea must be denied. *See id.* at 227–28. But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the Jurisdictional Plea as a matter of law. *Id.* at 228.

---

[3] In transfer cases, the transferee court must decide the appeal in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

5

**A.** **Did the trial court err in granting the Jurisdictional Plea as to the Taxpayers' protest claims?**

On appeal, the Taxpayers assert that Tax Code section 112.053 provides a waiver of the Comptroller Parties' sovereign immunity. *See* Tex. Tax Code Ann. § 112.053 (West, Westlaw through 2019 R.S.). In the context of today's case, the Comptroller Parties are entitled to immunity under the doctrine of sovereign immunity unless their sovereign immunity has been waived. *See EBS Solutions, Inc. v. Hegar*, 601 S.W.3d 744, 749–50 (Tex. 2020). The Texas Legislature has expressly waived the Comptroller Parties' sovereign immunity as to only three types of tax challenges—protests, injunctions, and refunds. *See id*.; *In re Nestle USA, Inc.*, 359 S.W.3d 207, 208–09 (Tex. 2012) (orig. proceeding). The district courts of Travis County have exclusive, original jurisdiction of a taxpayer suit asserting any of these challenges. Tex. Tax Code Ann. § 112.001 (West, Westlaw through 2019 R.S.). For each of these three challenges, the taxpayer normally must satisfy certain prerequisites to assert the challenge. *See 13335 Duluth Restaurant & Bar, L.L.C. v. Hegar*, No. 14-20-00098-CV, 2021 WL 4314468, at *2 (Tex. App.—Houston [14th Dist.] Sep. 23, 2021, no pet.) (mem op.). If the taxpayer complies with the applicable statutory prerequisites, then the Comptroller Parties' sovereign immunity is waived. *See In re Nestle USA, Inc*., 359 S.W.3d at 211–12; *CoTechno Group, Inc. v. Hegar*, No. 03-21-00327-CV, 2023 WL 3666108, at *3 (Tex. App.—Austin May 26, 2023, no pet.) (mem. op.); *13335 Duluth Restaurant & Bar*, 2021 WL 4314468, at *2. If the taxpayer does not comply with all applicable statutory prerequisites, then the Comptroller Parties' sovereign immunity is not waived, and the trial court lacks subject matter jurisdiction over the challenge in question. *See In re Nestle USA, Inc*., 359 S.W.3d at 211–12; *CoTechno Group, Inc.*, 2023 WL 3666108, at *3–5; *13335 Duluth Restaurant & Bar*, 2021 WL 4314468, at *4, 6.

Title 2, subchapter B of the Texas Tax Code provides a waiver of the Comptroller Parties' sovereign immunity as to protest claims only if the taxpayer complies with the statute's requirements, including the requirements that the taxpayer (1) before filing suit must submit a written protest that states "fully and in detail each reason for recovering the payment" and (2) must attach a copy of the written protest as originally filed to the original petition (collectively the "Protest Requirements").[4] *See* Tex. Tax Code Ann. § 112.051, *et seq.* (West, Westlaw through 2019 R.S.); *CoTechno Group, Inc.*, 2023 WL 3666108, at *3–4; *Hegar v. Alam, Inc.*, No. 03-18-00044-CV, 2021 WL 1031342, at *2 (Tex. App.—Austin Mar. 18, 2021, no pet.) (mem. op.); *OGCI Training, Inc. v. Hegar*, No. 03-16-00704-CV, 2017 WL 4899015, at *5 (Tex. App.—Austin Oct. 27, 2017, no pet.) (mem. op.). If a taxpayer fails to comply with the Protest Requirements, then the Comptroller Parties' sovereign immunity is not waived, and the trial court lacks subject-matter jurisdiction over the protest claim. *See CoTechno Group, Inc.*, 2023 WL 3666108, at *3–4; *Alam, Inc.*, 2021 WL 1031342, at *2.

On appeal, the Taxpayers assert that under the Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution, the statutory requirements relied upon in the Jurisdictional Plea do not apply to the Taxpayers' "constitutional claims." *See* U.S. Const. amend. XIV, §1. Other than citing the Fourteenth Amendment for their quotation of this clause's language, the Taxpayers cite no legal authorities, nor do they provide any citations to the record, The Taxpayers do not provide any argument, analysis, or citations to legal authority in support of this assertion. Even construing the Taxpayers' brief liberally, we cannot conclude that they adequately briefed this point, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co. v.*

---

[4] The Taxpayers did not challenge the constitutionality of these requirements.

7

*Cherry Moving Co.*, 550 S.W.3d 791, 798 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In the Jurisdictional Plea, the Comptroller Parties asserted that their sovereign immunity had not been waived as to the Taxpayers' protest claims because (1) the Taxpayers did not submit a written protest before filing suit and (2) the Taxpayers did not attach a copy of a written protest as originally filed to their original petition. The record reflects that the Taxpayers filed the original petition in this case on May 7, 2020, without attaching a copy of any written protest. The Comptroller submitted evidence that, after the lawsuit was filed, the Taxpayers submitted a written protest dated May 11, 2020 to the Comptroller Parties and that the Comptroller received this protest on May 15, 2020. The Taxpayers did not controvert this evidence in the trial court. On appeal the Taxpayers do not assert that they submitted a written protest before filing suit or that they attached a copy of a written protest to their original petition. The trial court did not err in impliedly determining that the Taxpayers did not comply with the Protest Requirements and that the Comptroller Parties' sovereign immunity has not been waived as to the Taxpayers' protest claims.[5] *See CoTechno Group, Inc.*, 2023 WL 3666108, at *3–5; *Alam, Inc.*, 2021 WL 1031342, at *2. Therefore, the trial court did not err in granting the Jurisdictional Plea as to the Taxpayers' protest claims.[6]

---

[5] The Taxpayers also assert that the Comptroller Parties' arguments regarding the interpretation and interplay of Texas statutes are incorrect and that federal and Texas law authorize the Taxpayers to assert the claims in the underlying suit. The Taxpayers do not specify the arguments, the statutes, the law, or the claims, and they do not provide any argument, analysis, or citations to the record or legal authority in support of these assertions. Even construing the Taxpayers' brief liberally, we cannot conclude that they adequately briefed these points, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co.*, 550 S.W.3d at 798.

[6] The Taxpayers did not allege any refund claim in the trial court. Though the Taxpayers alleged injunction claims in the trial court, they have not briefed an argument on appeal challenging the trial court's granting of the Jurisdictional Plea as to their injunction claims.

**B.     Did the trial court have jurisdiction over the Taxpayers' claims for declaratory relief under Government Code section 2001.038(a) and their claims for judicial review under Government Code section 2001.171?**

On appeal, the Taxpayers indicate that the trial court had jurisdiction over their claims for declaratory relief under Government Code section 2001.038(a) and their claims for judicial review under Government Code section 2001.171. *See* Tex. Gov't Code Ann. § 2001.038(a) (West, Westlaw through 2019 R.S.) (stating that "[t]he validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff"); *id.* § 2001.171 (West, Westlaw through 2019 R.S.) (stating that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter").

> Former section 112.108 of the Tax Code ("Section 112.108") provides:
>
> Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, **declaratory judgment**, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or **other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due**, provided, however, that after filing an oath of inability to pay the tax, penalties, and interest due, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts.

Act of May 26, 1995, 74th Leg., R.S., ch. 579, § 13, 1995 Tex. Gen. Laws 3374, 3377 (emphasis added), *repealed*, Act of May 24, 2021, 87th Leg., R.S., ch. 331,

9

§11, 2021 Tex. Sess. Law Serv. 682, 685 (effective Sept. 1, 2021).[7] Before analyzing and applying this statute, we address its history. As originally enacted, Section 112.108 contained no language excusing a party from the requirement of prepayment of tax based on the party's inability to pay. *See* Act of May 19, 1989, 71st Leg., R.S., ch. 232, § 16, 1989 Tex. Gen. Laws 1070, 1074 (amended 1995) (repealed effective September 1, 2021). The Supreme Court of Texas considered the constitutionality of that version of Section 112.108 in *R Communications*, *Inc. v. Sharp*. *See* 875 S.W.2d 314, 315–18 (Tex. 1994). The *R Communications* court reasoned that the prepayment prerequisites of Tax Code sections 112.051 and 112.101, combined with the "ban on declaratory judgments in section 112.108, and the inadequacy of the remedy of awaiting the filing of a collection suit [under sections 111.010 and 111.013(b)] by the Comptroller mean that a taxpayer is financially restricted in its ability to get to court." *Id.* at 317–18. Therefore, the court declared Section 112.108's ban on declaratory judgments, as originally written, unconstitutional as a violation of the Texas Constitution's Open Courts Provision because, when combined with the prepayment provisions, it conditioned the ability to challenge a tax assessment on full prepayment, and the high court remedied this defect by permitting the taxpayer to bring a suit for declaratory relief. *Id.* at 318; *see* Tex. Const. art. I, § 13.

During the following legislative session, the Legislature amended Section 112.108 to read as it does in the version applicable to today's case, by adding the

---

[7] As discussed in footnote 2 above, the changes the Legislature made to chapter 112 of the Tax Code effective September 1, 2021, do not apply to today's case, so section 112.108 applies. *See* Act of May 24, 2021, § 12, 2021 Tex. Sess. Law Serv. at 685. The Taxpayers filed a declaration of inability to pay expressly stating that they intended to comply with the requirements of Section 112.108. If they complied with these requirements, the Taxpayers would be excused under Tax Code section 112.108 from prepaying the taxes. We do not base our analysis on any prepayment requirement, and we do not address the Taxpayers' effort to be excused from prepaying the taxes.

language excusing a taxpayer from the requirement of prepayment of tax if the taxpayer files an oath of inability to pay the tax, penalties, and interest due, and if the trial court finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. *See* Act of May 26, 1995, 1995 Tex. Gen. Laws at 3377. After the Legislature amended Section 112.108, the Third Court of Appeals decided a line of cases in which the court concluded that the amended statute was unconstitutional and allowed taxpayers under certain circumstances to seek declaratory relief. *See Hegar v. EBS Solutions, Inc.*, 549 S.W.3d 849, 858, 863–64 & n.7 (Tex. App.—Austin 2018) (en banc), *rev'd*, 601 S.W.3d 744, 748 (Tex. 2020). In *Hegar v. EBS Solutions, Inc.* the Third Court of Appeals, sitting en banc, reaffirmed this position and abrogated various panel decisions of the Third Court of Appeals that had held that taxpayers may not pursue declaratory relief under other statutes such as Government Code section 2001.038(a) or the Texas Declaratory Judgments Act. *See id.* at 863–64. The Supreme Court of Texas reversed the Third Court of Appeals, disagreed with its analysis, and held that Section 112.108 as amended was constitutional as applied to the taxpayer, allowing the taxpayer to seek judicial review of its tax assessment under chapter 112 without full prepayment of taxes, as long as the taxpayer satisfied the jurisdictional requirements of the inability-to-pay exception stated in Section 112.108. *See EBS Solutions, Inc.*, 601 S.W.3d at 760. Since the high court's decision in *EBS Solutions*, the Third Court of Appeals and the Fourteenth Court of Appeals have enforced Section 112.108's ban on injunctive or declaratory relief or other similar legal or equitable relief not based on Tax Code chapter 112 relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by subchapter C of chapter 112.[8] *See* Act of May 26, 1995, 1995 Tex.

---

[8] Though Section 112.108 applies to today's case, Section 112.108 does not apply to a suit disputing an amount of tax, penalty, or interest that became due and payable on or after

Gen. Laws at 3377; *CoTechno Group, Inc.*, 2023 WL 3666108, at *3; *13335 Duluth Restaurant & Bar*, 2021 WL 4314468, at *4. In doing so, these appellate courts have held that sovereign immunity was not waived, and the trial court lacked jurisdiction over the declaratory judgment claims because they fell within Section 112.108's ban. *See CoTechno Group, Inc.*, 2023 WL 3666108, at *3–5; *13335 Duluth Restaurant & Bar, L.L.C.*, 2021 WL 4314468, at *4, 6.

On appeal the Taxpayers do not assert or argue that Section 112.108 is unconstitutional.[9] Under Government Code section 2001.038(a), the Taxpayers did not seek a general declaratory judgment that the 1.25 Ounce Rule is invalid. Instead, they sought a declaratory judgment that the total amount of assessed taxes and penalties against them is based on the 1.25 Ounce Rule and that it is unconstitutional, invalid, and null and void. The Taxpayers also sought a declaratory judgment that the Assessments against them are void and unenforceable for various reasons, including the unconstitutionality and invalidity of the 1.25 Ounce Rule. Thus, in their claims under Government Code section 2001.038(a) the Taxpayers sought declaratory relief not based on Tax Code chapter 112 against the Comptroller Parties relating to the applicability,

September 1, 2021, because as to those suits, Section 112.108 has been repealed. *See* Act of May 24, 2021, § 12, 2021 Tex. Sess. Law Serv. 685.

[9] In their live pleading below, the Taxpayers asserted that Section 112.108 violates the United States and Texas constitutions because the statute unreasonably restrains the Taxpayers' rights of access to the courts and therefore the Taxpayers are not required to fulfill the payment or bond obligations of Tax Code section 112.101 as a prerequisite to suit. The Taxpayers sought declaratory and injunctive relief in this regard. It appears that the Taxpayers sought this relief only as a means to avoid having to satisfy the payment or bond obligations of section 112.101. Even presuming that the Taxpayers also asserted generally that Section 112.108 is unconstitutional, the trial court dismissed all of their claims regarding the constitutionality of Section 112.108, and the Taxpayers have not asserted on appeal that the trial court erred in doing so or presented any argument in support of this proposition. *See Abbott v. Anti-Defamation League Austin, Southwest*, 610 S.W.3d 911, 915, n.3 (Tex. 2020); *In re Nestle USA, Inc.*, 359 S.W.3d at 211, n. 39; *Schultz on Behalf of Schultz v. Lone Star Road Construction*, 593 S.W.3d 750, 754, n.2 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *Armstrong v. Randle*, 881 S.W.2d 53, 58, n.8 (Tex. App.—Texarkana 1994, writ denied).

assessment, collection, or constitutionality of a tax or fee covered by subchapter C of chapter 112. *See* Act of May 26, 1995, 1995 Tex. Gen. Laws at 3377; *CoTechno Group, Inc.*, 2023 WL 3666108, at \*5; *13335 Duluth Restaurant & Bar, L.L.C.*, 2021 WL 4314468, at \*4. Under the unambiguous language of Section 112.108, the Taxpayers may not obtain this declaratory relief under Government Code section 2001.038(a) or the judicial review they seek under Government Code section 2001.171. *See EBS Solutions, Inc.*, 601 S.W.3d at 759 (acknowledging that amended Section 112.108 precluded EBS Solutions and similarly situated taxpayers from seeking declaratory relief); *In re Nestle*, 359 S.W.3d at 209 (stating that "[c]hapter 112 allows no other actions to challenge or seek refunds of the taxes to which it applies"); *CoTechno Group, Inc.*, 2023 WL 3666108, at \*5; *13335 Duluth Restaurant & Bar, L.L.C.*, 2021 WL 4314468, at \*4. Therefore, as a matter of law the Comptroller Parties' sovereign immunity has not been waived as to the Taxpayers' claims under Government Code sections 2001.038(a) and 2001.171, and the trial court lacked subject matter jurisdiction over these claims.[10] *See In re Nestle*, 359 S.W.3d at 212; *CoTechno Group, Inc.*, 2023 WL 3666108, at \*3–5; *13335 Duluth Restaurant & Bar, L.L.C.*, 2021 WL 4314468, at \*4, 6. We must address the trial court's lack of subject-matter jurisdiction over these claims against the Comptroller Parties, even though the Comptroller Parties did not raise this issue in their Jurisdictional Plea. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850–51 (Tex. 2000); *Texas Dep't of Transp. v. Esters*, 343 S.W.3d 226, 233 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

---

[10] The Taxpayers do not brief any argument on appeal challenging the trial court's dismissal of the claims under the Texas Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §37.001, *et seq.*, (West, Westlaw through 2019 R.S.).

**C. Have the Taxpayers adequately briefed their contentions regarding "constitutionally based causes of action"?**

In their appellate brief, the Taxpayers assert without citation to any authority that they "brought constitutionally based causes of action that exist apart from and that may be asserted independently from the artificial constructs imposed by Texas statutes." They then state that "[f]or example, [the Taxpayers] are not limited by statutorily imposed procedures or 'standards of review' when bringing action to vindicate their federal and Texas constitutional rights to a trial by jury and to cross-examine witnesses, as confirmed in the opinion of *Jarkesy v. Securities & Exchange Comm'n*, 34 F.4th 446 (5th Cir. May 18, 2022)." The Taxpayers do not specify the "constitutionally based" claims, the Texas statutes, the statutorily imposed procedures, or the standards of review to which they are referring. The court in *Jarkesy* concludes that (1) the petitioners were deprived of their Seventh Amendment right to a civil jury trial;[11] (2) Congress unconstitutionally delegated legislative power to the Securities and Exchange Commission ("SEC") by failing to give the SEC an intelligible principle by which to exercise the delegated power; and (3) the statutory removal restrictions for SEC administrative law judges violated the President of the United States's power of removal under the Take Care Clause of article II of the United States Constitution. *See Jarkesy v. Securities & Exchange Comm'n*, 34 F.4th 446, 451–65 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (Jun. 30, 2023). The Taxpayers do not cite to any part of the *Jarkesy* opinion or provide any explanation or analysis as to how this opinion applies to today's case. Even construing the Taxpayers' brief liberally, we cannot conclude that they adequately briefed these points, and so we find briefing waiver.[12] *See* Tex. R. App.

---

[11] This right applies in federal courts but has never been extended to the states. *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 374 (Tex. 2000).

[12] To the extent that the Taxpayers assert that challenges to the Assessments in which they allege constitutional violations may not be restricted by Section 112.108 or other Texas statutes, this

P. 38.1(i); *Marathon Petroleum Co.*, 550 S.W.3d at 798.

### III. CONCLUSION

The trial court did not err in impliedly determining that the Taxpayers did not comply with the Protest Requirements and that the Comptroller Parties' sovereign immunity has not been waived as to the Taxpayers' protest claims. Under the unambiguous language of Section 112.108, the Taxpayers may not obtain declaratory relief under Government Code section 2001.038(a) or judicial review under Government Code section 2001.171. Therefore, as a matter of law the Comptroller Parties' sovereign immunity has not been waived as to the Taxpayers' claims under Government Code sections 2001.038(a) and 2001.171, and the trial court lacked subject matter jurisdiction over these claims.[13] We overrule the second issue and affirm the trial court's judgment.

/s/    Randy Wilson
       Justice

Panel consists of Justices Jewell, Hassan, and Wilson.

---

assertion conflicts with Supreme Court of Texas authority. *See In re Nestle*, 359 S.W.3d at 208–12 (enforcing Section 112.108 against challenges to the collection of franchise taxes based on alleged violations of the United States and Texas constitutions and concluding that the Comptroller Parties' sovereign immunity had not been waived).

[13] We need not and do not address the Taxpayers' remaining arguments or the first issue.